Anthony L. COLE *v.* STATE of Arkansas

CR 95-877 913 S.W.2d 255

Supreme Court of Arkansas
Opinion delivered January 8, 1996

*Arkansas Public Defender Comm'n,* by: *Richard A. Hutto,* for appellant.

*Winston Bryant,* Att'y Gen., by: *Gil Dudley,* Asst. Att'y Gen., for appellee.

DAVID NEWBERN, Justice. Anthony Cole was convicted of first-degree murder and sentenced to 37 years imprisonment. He contends the evidence showed conclusively that Germaine Brown, who testified against him, was an accomplice as a matter of law and the other evidence was insufficient to corroborate Germaine Brown's testimony. We conclude the Trial Court

properly instructed the jury to determine whether Germaine Brown was an accomplice. Mr. Cole also argues certain hearsay evidence was improperly admitted. We find no error and affirm.

Ronald Brown was shot and killed as he stood on the porch of a residence in Little Rock. Anthony Cole and Arlantus White were charged with capital murder. At Cole's trial, the State proceeded on a theory that Mr. White was the "trigger man" in the crime, and Mr. Cole was his accomplice.

## 1. Accomplice determination

Germaine Brown was with a group of men, including Cole and White, on the night of the shooting. Germaine Brown testified Cole wanted to "get" Ronald Brown. The group followed the victim until he went into a residence. They waited outside.

At one point Mr. Cole approached the residence. Two women who were present inside with the victim said Cole warned them what was to happen. After he returned to the group outside, Cole told Germaine Brown to go into the residence to get Ronald Brown to come out. Germaine Brown said he at first refused, but did as he was told after White insisted while holding a gun. Ronald Brown came out onto a porch where White shot him. Germaine Brown said he refused to go up to the porch with the others as he wanted nothing to do with the shooting. He did not see the shooting directly, but knew what was happening because he could see shadows of the participants around the corner of a building. All of the men who had been in the group, including Germaine Brown, then ran away.

The defendant bears the burden of proving that a witness is an accomplice whose testimony must be corroborated. *Nelson v. State*, 306 Ark. 456, 816 S.W.2d 159 (1991); *Scherrer v. State*, 294 Ark. 287, 742 S.W.2d 884 (1988). An accomplice is one who, with the purpose of promoting or facilitating the commission of an offense, either solicits, advises, encourages, or coerces the other person to commit it, or aids, agrees to aid or attempts to aid the other person in planning or committing it, or fails to make a proper effort to prevent the commission of the offense, provided he has a legal duty to prevent it. Ark. Code

Ann. § 5-2-403 (1987); *Pilcher* v. *State*, 303 Ark. 335, 796 S.W.2d 845 (1990). Mere presence at the scene of the crime does not make one an accomplice. *Spears* v. *State*, 280 Ark. 577, 660 S.W.2d 913 (1983); *Vickers* v. *State*, 313 Ark. 64, 852 S.W.2d 787 (1993).

Germaine Brown testified that when the police arrived to investigate the incident, he remained silent because he felt threatened by White and Cole. He went to the police the next day to report the crime.

The testimony of other witnesses indicated the extent of Germaine Brown's involvement in the murder and his fear of Cole and White. Tonya Rogers testified that Germaine Brown did not want to talk to the police at first because "he was scared for his life." Diane Delph, who was in the apartment when Germaine Brown entered to speak to Ronald Brown, testified that Germaine Brown said that "Boo (Mr. Cole) and them say get that boy named Ron out the house, or else they're going to shoot up in there." Paul Humphrey, who took Germaine Brown to the police station, testified that after the murder, Germaine Brown seemed "upset and scared."

 The Trial Court did not err by refusing to declare Germaine Brown an accomplice as a matter of law. The evidence was such that it was appropriate for the jury to decide whether his participation was under duress, *see* Ark. Code Ann. § 5-2-208 (Repl. 1993), and thus that it was not his purpose to aid in the commission of the crime.

### 2. Hearsay

Germaine Brown's testimony included the following:

PROSECUTOR: After y'all stopped running, do you recall Arlantus White and the Defendant, Anthony Cole, having a conversation?

MR. BROWN: Yes, sir.

PROSECUTOR: What was that conversation?

MR. BROWN: Well, Arlantus said, "I told y'all I was going to kill him."

[Objection from Defense Counsel]

PROSECUTOR: And what did Anthony Cole, Boo, say when Arlantus White said "I told you I was going to kill him?"

MR. BROWN: You done a good deed.

Counsel objected to this line of questioning on the basis that the statement made by Mr. White, "I told y'all I was going to kill him," was hearsay. The State responded that the statement was not hearsay because it was made by a co-defendant in the furtherance of a conspiracy. The Trial Court overruled Mr. Cole's objection. Mr. Cole argues that the Trial Court erred when he allowed Mr. Brown to testify that Mr. White had said, "I told y'all I was going to kill him."

■ As the statement in question allegedly was uttered after the murder occurred it was not "in furtherance" of a crime. *See Brazel* v. *State*, 296 Ark. 563, 759 S.W.2d 563 (1988). The State, citing *Mock* v. *State*, 20 Ark. App. 72, 723 S.W.2d 844 (1987), and *Russell* v. *State*, 18 Ark. App. 45, 709 S.W.2d 825 (1986), now argues the statement was admissible to provide a context for Mr. Cole's statement, "You done a good deed," which is an admission by a party-opponent.

■ Arkansas R. E. 801(c) defines "hearsay" as a statement, other than one made by the declarant while testifying at a trial or hearing, offered in evidence to prove the truth of the matter asserted. In this case, Mr. White's statement was not hearsay because it was not offered for the truth of the matter asserted.

Some Out-of-Court Utterances Which Are Not Hearsay.

> . . . *Utterances and writing offered to show effect on hearer or reader.* When it is proved that D made a statement to X, with the purpose of showing the probable state of mind thereby induced in X, such as being put on notice or having knowledge, or motive, or to show the information which X had as bearing on the reasonableness or good faith or voluntariness of the subsequent conduct of X, or anxiety, the evidence is not subject to attack as hearsay. . . .

*McCormick on Evidence*, § 249, pp. 733-34 (3d Ed. 1984).

■ The statement was admissible because it tended to show the effect on the listener, *i.e.,* instigating Mr. Cole's immediate response showing his approval of the shooting and tending to prove Mr. Cole's status as an accomplice.

Affirmed.