Kenneth SLOCUM *v*. STATE of Arkansas

CR 95-1039                                     924 S.W.2d 237

Supreme Court of Arkansas
Opinion delivered June 10, 1996

*Herbert T. Wright, Jr.* and *Alvin Schay*, for appellant.

*Winston Bryant*, Att'y Gen., by: *David R. Raupp*, Asst. Att'y Gen., for appellee.

TOM GLAZE, Justice. This appeal is a companion to the case, *King* v. *State*, 323 Ark. 671, 916 S.W.2d 732 (1996). Elgin King and Kenneth Slocum, the appellant here, were charged with the capital murder of Willie Simpkins. Their cases were severed, and King was convicted of the lesser included offense of first-degree murder and sentenced to forty years' imprisonment. At his separate trial, Slocum was convicted of capital murder and sentenced to life without parole. Upon King's appeal, we rejected the contention that the evidence was insufficient to support his conviction, but we reversed, holding the trial court erred in refusing King's proffered disputed accomplice instruction, AMCI2d 403.

Slocum raises four points for reversal in his appeal, two of which involve the sufficiency of the evidence and accomplice issues we decided in *King*. The evidence relevant to the disposal of these two points is largely the same as that proof set out in the *King* opinion, and focuses on the testimony of Vernon Scott, who identified King and Slocum as Simpkins's abductors and murderers. Scott told the police and later testified at trial that Slocum had given him

$40.00 of crack cocaine to get Simpkins to go to a hangout known as Hat Box Hattison's house. About thirty minutes after Scott and Simpkins arrived at the house, two masked men entered the house, brandished guns, taped Simpkins's hands together and took Simpkins out towards a field from which Scott said he heard gun shots. Scott identified the masked men as Slocum and King. Scott testified the man holding a .45 gun on Simpkins was Slocum, whom Scott had known most of his life. Other testimony showed Slocum had a motive for killing Simpkins because Simpkins was to be a witness in a murder trial against one of Slocum's relatives. Simpkins died from at least ten gunshots made with .45 and .38 weapons. A rubber mask was found near Simpkins's body. As noted previously, we found this evidence sufficient to support King's conviction, *King*, 323 Ark. at 676, and it is likewise sufficient here to support Slocum's capital murder conviction.

■ As in *King*, Slocum argues Scott was an accomplice as a matter of law because Scott had lured Simpkins to the scene of his abduction. Slocum contends that because Scott had been offered $40.00 worth of cocaine to lure Simpkins to Hat Box Hattison's house, Scott had to know some type of criminal activity was intended toward Simpkins. In *King*, we held this evidence was insufficient to declare Scott an accomplice as a matter of law, and we adhere to that holding as controlling in Slocum's appeal, as well.

■ However, in *King*, we also concluded that Scott's testimony was sufficient to create fact questions as to his status as an accomplice. *King*, 323 Ark. 678. Accordingly, we held the trial court erred in refusing to give King's proffered AMCI2d 403 disputed accomplice instruction, and reversed for that reason. Here, however, Slocum concedes he never raised Scott's disputed status as an accomplice at trial, nor did he proffer AMCI2d 403 to present that issue to the jury. In view of this failure, he argues for the first time on appeal that his trial attorney's failure to proffer instruction 403 constituted ineffective assistance of counsel, and asks us to decide this Rule 37 issue on direct appeal. We must reject Slocum's request. It is well settled that this court will not consider ineffective assistance of counsel as a point on direct appeal unless that issue has been considered by the trial court. *Edwards* v. *State*, 321 Ark. 610, 906 S.W.2d 310 (1995). Because the disputed accomplice status issue concerning Scott was not raised or ruled on below, we are unable to consider it in this appeal.

Slocum also raises two other points unique to his appeal. The first evolves from the law enforcement officers' search of Slocum's grandmother's house where Slocum had frequented. The officers found an unfired .45 bullet which was admitted into evidence over Slocum's objection that the bullet was irrelevant because the state's expert, Ronald Andrejack, could not say it was the same brand as the .45 bullets found in Simpkins's body. The state points out Andrejack was able to testify that the unfired bullet and one found in Simpkins were of the same manufacturing process by weight and design. The expert said, "[T]hey both have the same weight, that being 230 [grams]. They both are full metal copper jacketed. They both have open exposed lead on the base."

The similarities of the .45 bullets provided some additional link, albeit circumstantial, making it more probable than not that Slocum had committed the murder. Such a link is not irrelevant simply because it is circumstantial. *See Huggins* v. *State*, 322 Ark. 70, 907 S.W.2d 697 (1995). The weight to be given such evidence was for the jury to decide. *See Weaver* v. *State,* 324 Ark. 290, 920 S.W.2d 491 (1996); *cf. Bohanan* v. *State*, 324 Ark. 158, 919 S.W.2d 198 (1996).

In sum, Slocum's counsel thoroughly cross-examined Andrejack concerning the underpinnings of his opinion which appropriately went to the weight and credibility of this evidence, not to its admissibility. Because Andrejack's testimony did have some relevance in tending to connect Slocum with a .45 weapon, the caliber of which was used in Simpkins's murder, we hold the trial court did not abuse its discretion when admitting it into evidence.

Slocum's final point of appeal involves direct and indirect references to gangs made during Scott's testimony. However, we are unable to reach the merits of his argument because Slocum failed to preserve this issue for appeal. Prior to trial, Slocum filed a motion in limine to exclude any references to gangs, contending such evidence was irrelevant and unduly prejudicial. At a pretrial hearing, the trial court reserved judgment on the issue indicating that if the evidence was relevant, it would be admitted. Not until Scott had already made a number of references to gangs, nicknames, and colors did Slocum object, and then Slocum based his objection on the state asking leading questions.

When a trial court declines to rule on a motion in limine to exclude specific evidence, it is necessary for counsel to make a specific objection during the trial in order to preserve the issue for appeal. *See Massengale* v. *State*, 319 Ark. 610, 906 S.W.2d 310 (1995). Because Slocum failed to make a specific, contemporaneous objection during Scott's testimony as to his references to gangs, Slocum has waived this issue on appeal.

For the reasons discussed, we affirm.

Pursuant to Ark. Sup. Ct. R. 4–3(h), the state has reviewed the record in its entirety and has found no other rulings adverse to Slocum that involve prejudicial error.

DUDLEY, J., not participating.