

# SUPREME COURT OF ARKANSAS

No. CR–12–1074

KENNETH SLOCUM
       APPELLANT

v.

STATE OF ARKANSAS
       APPELLEE

**Opinion Delivered**       October 10, 2013

PRO SE MOTION FOR EXTENSION OF TIME TO FILE BRIEF [PULASKI COUNTY CIRCUIT COURT, 60CR-93-2979, HON. TIMOTHY DAVIS FOX, JUDGE]

APPEAL DISMISSED; MOTION MOOT.

**PER CURIAM**

In 1995, appellant Kenneth Slocum was convicted of capital murder and sentenced to life imprisonment without parole. We affirmed. *Slocum v. State*, 325 Ark. 38, 924 S.W.2d 237 (1996).[1] Appellant subsequently filed a petition for postconviction relief pursuant to Arkansas Rule of Criminal Procedure 37.1 (1995) on the ground that his counsel was ineffective. The trial court granted a new trial, and we reversed. *State v. Slocum*, 332 Ark. 207, 964 S.W.2d 388 (1998).

On January 21, 2011, appellant filed in the trial court a pro se petition for writ of habeas corpus pursuant to Act 1780 of 2001, as amended by Act 2250 of 2005, seeking scientific testing of a rubber mask found at the scene of the crime. In a supplemental petition, appellant specified that he was seeking DNA and fingerprint testing of the mask, and he attempted to rebut the

---

[1]Appellant and Elgin King were charged with capital murder of the same victim. Their cases were severed, and King was convicted of the lesser-included offense of first-degree murder and sentenced to forty years' imprisonment. This court reversed based on the failure to properly instruct the jury. *King v. State*, 323 Ark. 671, 916 S.W.2d 732 (1996) (*King I*). At his second trial, King was again convicted of first-degree murder, and he was sentenced to sixty years' imprisonment. We affirmed. *King v. State*, 338 Ark. 591, 999 S.W.2d 183 (1999) (*King II*).

SLIP OPINION

presumption that his petition was untimely. The trial court denied the petition, and appellant filed a timely appeal in this court. Upon the tendering of his brief-in-chief, the brief was returned to him for correction because it did not conform to the rules of this court. Now before us is appellant's motion for extension of time to file his brief-in-chief.

We need not consider appellant's request for an extension of time because it is clear that he could not prevail if the appeal were allowed to proceed. An appeal from an order that denied a petition for postconviction relief, including a petition under Act 1780 of 2001, will not be allowed to proceed where it is clear that an appellant could not prevail. *Cooper v. State*, 2013 Ark. 180 (per curiam); *Fields v. State*, 2013 Ark. 154 (per curiam); *King v. State*, 2013 Ark. 133 (per curiam) (*King III*); *Foster v. State*, 2013 Ark. 61 (per curiam). Accordingly, we dismiss the appeal, and the motion for extension of time is moot.

Act 1780 of 2001, as amended by Act 2250 of 2005 and codified at Arkansas Code Annotated sections 16-112-201 to -208 (Repl. 2006), in effect on the date that appellant filed his petition, provides that a writ of habeas corpus can issue based on new scientific evidence proving a person actually innocent of the offense for which he was convicted. Ark. Code Ann. § 16-112-201; *King III*, 2013 Ark. 133; *Foster*, 2013 Ark. 61; *Garner v. State*, 2012 Ark. 271 (per curiam) (citing *Strong v. State*, 2010 Ark. 181, 372 S.W.3d 758 (per curiam)). Before a circuit court can order testing under this statute, however, there are a number of predicate requirements that must be met. *King III*, 2013 Ark. 133; *Foster*, 2013 Ark. 61; *Douthitt v. State*, 366 Ark. 579, 237 S.W.3d 76 (2006) (per curiam); *see* Ark. Code Ann. §§ 16-112-201 to -203.

One of these requirements is that the proposed testing must produce new material

evidence that would both support the theory of defense presented at trial and raise a reasonable probability that the petitioner did not commit the offense. Ark. Code Ann. § 16-112-202(8). Thus, in order to be entitled to DNA and fingerprint testing, appellant must establish that the testing of the mask can provide new material evidence that would raise a reasonable probability that he did not commit the offense. On direct appeal, we held that there was sufficient evidence to find appellant guilty of capital murder, and we recounted the evidence, including the testimony of witness Vernon Scott, who identified appellant and Elgin King as the victim's abductors and murderers. Scott testified that appellant had given him $40 worth of crack cocaine to lure the victim to a particular house. He further testified that, about thirty minutes after he and the victim had arrived at the house, two masked men entered the house, brandished guns, taped the victim's hands together, and took the victim out toward a field from which Scott said he heard gunshots. Scott identified the masked men as appellant and King, and he testified that the man holding a .45-caliber gun on the victim was appellant, whom Scott had known most of his life. Other testimony showed that appellant had a motive for killing the victim, who died from at least ten gunshot wounds made with .45-caliber and .38-caliber weapons. A rubber mask was found near the victim's body. *Slocum*, 325 Ark. 38, 924 S.W.2d 237. In light of Scott's identification of appellant and other evidence presented at trial, scientific testing of the rubber mask would not produce the requisite new material evidence required to prevail under the Act. Thus, the trial court's decision to deny relief was not clearly erroneous.[2]

---

[2]In *King III*, 2013 Ark. 133, we considered King's motion to supplement the record on appeal following the trial court's denial of his pro se petition for writ of habeas corpus pursuant to Act 1780. Like appellant, King contended that DNA and fingerprint testing should be performed on the rubber mask that was introduced into evidence at the trials of both men. In

Dismissal of the petition was also proper because it was not timely filed. A petitioner who files a petition under the Act more than thirty-six months after the entry of the judgment of conviction must rebut a presumption that his petition is untimely. Ark. Code Ann. § 16-112-202(10)(B). This presumption against timeliness may be rebutted by showing that the petitioner was or is incompetent, and the incompetence substantially contributed to the delay; that the evidence to be tested is newly discovered; that the motion is not based solely on the petitioner's own assertion of innocence, and a denial of the motion would result in a manifest injustice; that a new method of technology exists that is substantially more probative than was the testing available at the time of the conviction; or for other good cause. *Id.*

Appellant's petition was filed almost sixteen years after the judgment of conviction had been entered against him. In his "Objection to State's Response to Petition" and "Motion to Supplement Original Pleading," appellant attempted to rebut the presumption against timeliness by contending that new technologies are now available to test the rubber mask and link it to

---

addition to denying King's motion, we dismissed the appeal on the ground that it was clear that King could not prevail. We held that the trial court was not clearly erroneous in dismissing the habeas petition on the basis that, even if King's DNA and fingerprints were not found on the mask, his actual innocence could not be established in light of the evidence as a whole, primarily the testimony of witness Vernon Scott. We further held that King failed to rebut the presumption against the untimely filing of the petition because the testing that he sought was either available at the time of his trial or not shown to be substantially more probative than technology available at that time. King's arguments in support of his petition slightly differed from those raised by appellant, as discussed herein, in that King argued that a new method for testing fingerprints existed based on laser and light-comparison technology and that the DNA testing that he sought did not exist at the time of his 1998 trial. We do not apply the doctrine of stare decisis because King and appellant were tried separately so that there is the potential that different evidence was introduced at their respective trials, they were tried in different years with the potential of new technologies available at King's later trial, and they raised slightly different arguments with regard to the testing of fingerprint evidence.

another person.[3]  Specifically, appellant referred to the Automated Fingerprint Identification System (AFIS) and new DNA analysis methods.  As to the use of AFIS, appellant contended that AFIS has the potential to "rehabilitate," or enhance, fingerprints, including partial prints, and compare the prints to all fingerprints in its database; however, appellant failed to demonstrate that utilizing AFIS constitutes a new testing method.  Testing must yield fresh evidence that appellant did not commit the offense.  Utilizing AFIS would only result in a comparison of any latent fingerprints found on the mask to a wider database of suspects for identification purposes.  The system allows the fingerprint examiner to then use the computer to select a small number of potential matches, which can then be examined manually to determine whether a match does exist.  To the extent that appellant argued that AFIS includes new testing methods, he did not demonstrate that the technology was substantially more probative than the technology available at the time of his trial.

With regard to any new DNA analysis, DNA evidence has been admissible in Arkansas since 1981. *King III*, 2013 Ark. 133; *Aaron v. State*, 2010 Ark. 479 (citing *Whitfield v. State*, 346 Ark. 43, 56 S.W.3d 357 (2001)).  Appellant's petition sought testing of the mask using specialized DNA tests, namely "STR-DNA and mitochondrial-DNA testing methods."  Appellant was convicted in 1995, and he failed to offer any proof to support his claim that the testing he now seeks was unavailable at that time.  *See King III*, 2013 Ark. 133 (holding that appellant failed to show Short Tandem Repeats (STR) and mitochondrial-DNA testing was not available at his

---

[3]Appellant also briefly argues that the presumption against timeliness is rebutted based on a showing that the motion is not based solely on his own assertion of innocence and a denial of the motion would result in manifest injustice as well as a showing of good cause. Ark. Code Ann. § 16-112-202(10)(B)(iii)(v).  We find no merit to these arguments.

1998 trial); *Mitchael v. State*, 2012 Ark. 256 (per curiam) (citing *Howard v. State*, 2012 Ark. 177, 403 S.W.3d 38 (noting that mitochondrial-DNA testing had been performed prior to Howard's 1999 trial)); *see generally Hamm v. Office of Child Support Enforcement*, 336 Ark. 391, 985 S.W.2d 742 (1999) (noting that STR had been tested in that case); *United States v. Beverly*, 369 F.3d 516 (2004) (noting that mDNA-testing that could observe single nucleotide polymorphisms "has been used extensively for some time in FBI labs, as well as state and private crime labs"). Appellant also contended that the adoption of the State Convicted Offender DNA Data Base Act, codified at Arkansas Code Annotated sections 12-12-1101 to -1120 (Repl. 2009), since his trial is a basis for granting his petition; however, the Act does not constitute a new method of testing.[4] Because appellant failed to show that a new method of technology exists or is substantially more probative than testing available at trial, he failed to overcome the presumption against timeliness.[5]

To the extent that appellant raised arguments in his petition that he is entitled to habeas relief pursuant to Act 1780 based on the lack of a motive for his crime, false testimony presented against him, failure to investigate the origin of the murder weapon, and the bias and prejudicial

---

[4]In 1997, the General Assembly enacted the "DNA Detection of Sexual and Violent Offenders Act," codified at Arkansas Code Annotated section 12-12-1101 (Repl. 1999). The purpose of the Act is to assist in criminal investigations, to exclude individuals who are the subjects of criminal investigations or prosecutions, and to deter and detect recidivist acts. *See* Ark. Code Ann. § 12-12-1102(1)(3). In 2003, the General Assembly renamed the Act the "State Convicted Offender DNA Data Base Act," *see* Ark. Code Ann. § 12-12-1101, and amended it to provide for DNA testing of all individuals convicted of all "qualifying offenses." Ark. Code Ann. § 12-12-1109(a).

[5]We do not address whether the testing sought by appellant satisfies the remaining predicate requirements of Arkansas Code Annotated section 16-112-202.

SLIP OPINION

statements of the trial judge, the allegations were not grounds for a writ under the Act. Petitions under the Act are limited to claims related to scientific testing of evidence. *King III*, 2013 Ark. 133.

Because appellant failed to rebut the presumption against timeliness pursuant to Arkansas Code Annotated section 16-112-202(10)(B) or to satisfy the requirement of section 16-112-202(8), the trial court was not clearly erroneous in denying his petition for relief. To the extent that appellant raised other claims for relief, none of these claims were grounds for relief under Act 1780. The decision to deny the requested relief was not clearly erroneous. Appellant could not prevail if his appeal were allowed to proceed, and the appeal is accordingly dismissed. Appellant's motion for extension of time to file his brief is moot.

Appeal dismissed; motion moot.