SLIP OPINION

# SUPREME COURT OF ARKANSAS

**No.** CR-13-396

| | | |
|---|---|---|
| RAMMIE EARL HALL | | **Opinion Delivered** December 5, 2013 |
| | APPELLANT | PRO SE MOTION FOR EXTENSION OF TIME TO FILE BRIEF [RANDOLPH COUNTY CIRCUIT COURT, 61CR-90-67] |
| v. | | |
| STATE OF ARKANSAS | | HONORABLE HAROLD S. ERWIN, JUDGE |
| | APPELLEE | |
| | | <u>APPEAL DISMISSED; MOTION MOOT</u>. |

## PER CURIAM

In 1992, appellant Rammie Earl Hall was found guilty by a jury of capital murder and sentenced to a term of life imprisonment without parole. We affirmed. *Hall v. State*, 315 Ark. 385, 868 S.W.2d 453 (1993).

In 2011, appellant filed a pro se petition for writ of habeas corpus in the trial court pursuant to Act 1780 of 2001, as amended by Act 2250 of 2005 and codified at Arkansas Code Annotated sections 16-112-201 to -208 (Repl. 2006), seeking scientific testing of a cigarette butt found in an ashtray at the victim's home where the victim's body was discovered. In his petition, appellant argued that advances in DNA technology since his 1992 trial would allow testing of the cigarette butt, and he contended that the DNA from the saliva on the cigarette butt could now be analyzed to exclude him as the source of the biological material. He further contended that the test results could also be compared to profiles in DNA databanks to determine if there was a match with a convicted offender or with a profile recovered from the

scene of an unsolved crime.[1]  Denying the motion, the trial court found that even if the saliva on the cigarette butt matched the DNA of another person, such a match did not exonerate appellant of committing the crime because anyone, not necessarily the perpetrator, could have left the cigarette in the home.  Appellant lodged this appeal.  Now before us is appellant's motion for extension of time to file brief.

We need not consider appellant's motion because it is clear that the habeas petition is wholly without merit.  An appeal from an order that denied a petition for postconviction relief, including a petition under Act 1780 of 2001, will not be allowed to proceed where it is clear that an appellant could not prevail.  *Cooper v. State*, 2013 Ark. 180 (per curiam); *Fields v. State*, 2013 Ark. 154 (per curiam); *King v. State*, 2013 Ark. 133 (per curiam); *Foster v. State*, 2013 Ark. 61 (per curiam).

Act 1780 of 2001, as amended by Act 2250 of 2005, provides that a writ of habeas corpus can issue based on new scientific evidence proving a person actually innocent of the offense for which he was convicted. Ark. Code Ann. § 16-112-201; *King*, 2013 Ark. 133; *Foster*, 2013 Ark. 61.  Before a circuit court can order testing under this statute, however, there are a number of predicate requirements that must be met.  *King*, 2013 Ark. 133; *Foster*, 2013 Ark. 61; *Douthitt v. State*, 366 Ark. 579, 237 S.W.3d 76 (2006) (per curiam); *see* Ark. Code Ann. §§ 16-112-201 to -203.

---

[1]While appellant cited *Echols v. State*, 2010 Ark. 417, 373 S.W.3d 892 in support of the petition, the issue in *Echols* was whether the circuit erred in denying appellant's motion for new trial based on the results of DNA testing establishing that none of the persons convicted of the crimes were the source of any of the biological material tested.  Here, the issue is whether appellant was entitled to DNA testing based on the predicate requirements of Act 1780.

SLIP OPINION

One of these requirements is that the proposed testing must produce new material evidence that would both support the theory of the defense presented at trial and raise a reasonable probability that the petitioner did not commit the offense. Ark. Code Ann. § 16-112-202(8). Thus, in order to be entitled to DNA testing, appellant must establish that the testing of the cigarette butt can provide new material evidence that would raise a reasonable probability that he did not commit the murder. In his petition, appellant contended that the cigarette butt was sent to the Arkansas State Crime Lab but that the Crime Lab did not have the technology to test the evidence. He further contended that advances in DNA technology since his trial would produce the requisite new material evidence. We hold that appellant's argument is wholly without merit.

The trial record on direct appeal includes the Crime Lab report with the finding that chemical testing performed on the cigarette butt did not disclose the presence of amylase, a component of saliva, or blood. The Arkansas State Police criminal investigator, who was involved in the investigation of the case, testified that his investigation revealed that neither the victim nor the appellant smoked cigarettes. He further testified that he did not "pay any attention" to this fact because the victim's home had not been cleaned, and there was no way to tell how long the cigarette butt had been there.

Under Act 1780, testing is not authorized based on the slightest chance it may yield a favorable result. Even if the DNA testing advocated by appellant could be considered a new method or technology substantially more probative than prior testing, as required by Arkansas

Code Annotated section 16-112-202(3),[2] testing of the cigarette butt would not produce new material evidence or raise a reasonable probability that appellant did not commit the murder. Based on the evidence introduced at trial, the jury was aware that appellant did not smoke cigarettes when it found him guilty. Moreover, while appellant argued that the DNA analysis that he advocated could test biological material of limited quantity or poor quality, the Crime Lab reported that a component of saliva was not present on the cigarette butt so that there was no saliva available for testing. Thus, appellant's petition did not meet the burden imposed by section 16-112-202(8).

Appeal dismissed; motion moot.

*Rammie Earl Hall*, pro se appellant.

No response.

---

[2]With regard to any new DNA analysis, DNA evidence has been admissible in Arkansas since 1981. *Slocum v. State*, 2013 Ark. 406 (per curiam); *King*, 2013 Ark. 133; *Aaron v. State*, 2010 Ark. 479 (citing *Whitfield v. State*, 346 Ark. 43, 56 S.W.3d 357 (2001)). While appellant's petition sought testing of the cigarette butt using specialized DNA testing, he failed to offer any proof to support his claim that the testing was unavailable at the time of his 1992 trial.

SLIP OPINION