Cite as 2019 Ark. App. 405

# ARKANSAS COURT OF APPEALS
DIVISION II
No. CR-18-936

JEREMY ANDREW AVERY

APPELLANT

V.

STATE OF ARKANSAS

APPELLEE

OPINION DELIVERED: SEPTEMBER 25, 2019

APPEAL FROM THE GARLAND COUNTY CIRCUIT COURT
[NO. 26CR-16-255]

HONORABLE MARCIA R. HEARNSBERGER, JUDGE

AFFIRMED

## ROBERT J. GLADWIN, Judge

In this appeal from his conviction for two counts of aggravated robbery, Jeremy Andrew Avery argues that the evidence was insufficient and that the circuit court erred in admitting an officer's testimony identifying his voice in an audio recording. We affirm.

### I. *Facts*

Avery was charged in the Garland County Circuit Court with two counts of aggravated robbery and possession of a firearm by certain persons in association with armed robberies at Subway and Sonic restaurants in Hot Springs. At the jury trial, Hot Springs police officer A.J. Tart testified that in March 2016 he had been working as an investigator with the Garland County Sheriff's Office and was assigned to investigate an aggravated-robbery call from Sonic near Airport Road. He took statements from both managers, Kayla Dixson and Corry Davis, who gave a description of the suspect. The suspect had been wearing a dark navy-blue hoodie with the Bass Pro Shop logo on the front, some form of

face mask covering the suspect's face, and light-colored blue jeans. From the surveillance video, Officer Tart noticed a black-and-orange cell-phone case in the suspect's back pocket. The managers said that $470 had been taken from the store and that there was a phone number on Sonic's call log from a late order that was never picked up. When Officer Tart researched the phone number, the Arkansas State Police gave him Avery's name, and a search warrant was issued for the phone.

Officer Tart said that there was already a search waiver on file for Avery's residence, so he and other investigators went to Avery's residence; in the driveway was a black Cadillac CTS belonging to Avery. Inside the vehicle in plain view on the passenger side was a black automatic pistol. In Avery's bedroom, Officer Tart found a navy-blue hoodie with the Bass Pro Shop logo on the front as well as a full face mask and a cell phone in a black-and-orange case.

When the search was completed, Avery was taken to the Garland County Sheriff's Office, and Officer Tart conducted an interview with him. That interview was recorded, and the recording was played in pertinent part for the jury. During the interview, Avery denied the robberies; then he admitted that he was told he would get one hundred dollars if he "parked and waited on them" and then drove "them" home after the robberies at Subway and Sonic.

Officer Tart testified that he was asked to listen to a recorded phone conversation from the Garland County Detention Center and was able to identify Avery's voice on the recording. When the State moved to introduce the audio recording into evidence, Avery's attorney objected because Officer Tart was not the person who recorded the call. The

objection was also based on a lack of foundation for identification of the voice. Counsel argued that the interview that had been played for the jury was not enough to lay a foundation for Officer Tart to identify Avery's voice. After the circuit court overruled the objection, counsel continued to argue that to challenge the witness's identification, he would be forced to elicit testimony regarding Avery's prior convictions. The circuit court overruled the objection.

The audio recording was played for the jury. In it, one of the speakers asks the other to ask a third party to appear in court and plead the "Fifth." After the recording was played, Officer Tart testified on cross-examination that he had been told it was a call from Avery before he identified the voice on the call as Avery's. Counsel moved to strike the audio recording, and the circuit court denied the motion.

At the close of the State's evidence, Avery's counsel moved for a directed verdict:

> Your Honor, I'd move at this time for a directed verdict on the two counts of aggravated robbery. Pursuant to 5-12-103, I don't believe the State has met their burden. They have elicited a lot of conjecture that's led to assumption, but there's been no proof presented that meets each of the elements set out in 5-12-103 for aggravated robbery. And as such, I would move for the Court to direct a verdict of acquittal on both counts.

The circuit court denied the motion, and Avery called James Sharp as a witness for the defense. Sharp said that he was serving a life sentence in prison and that he had committed the robberies for which Avery was accused.

At the close of all the evidence, Avery's counsel moved for a directed verdict, stating in part,

> [T]he State is required to prove each of the elements of the statute beyond a reasonable doubt. And again, I believe the testimony that the State has elicited and the evidence that they have presented lays out conjecture, but does not prove beyond

3

a reasonable doubt each and every element of aggravated robbery and as such I'd ask the court to direct a verdict of acquittal.

The circuit court again denied the motion. The jury found Avery guilty on both counts, and he was sentenced to twenty-five years' imprisonment on each count to run consecutively. Avery filed a timely notice of appeal, and this appeal followed.

II. *Preservation*

Rule 33.1 (2018) of the Arkansas Rules of Criminal Procedure provides the following in relevant part:

(a) In a jury trial, if a motion for directed verdict is to be made, it shall be made at the close of the evidence offered by the prosecution and at the close of all of the evidence. A motion for directed verdict shall state the specific grounds therefor.

. . . .

(c) The failure of a defendant to challenge the sufficiency of the evidence at the times and in the manner required in subsections (a) and (b) above will constitute a waiver of any question pertaining to the sufficiency of the evidence to support the verdict or judgment. A motion for directed verdict or for dismissal based on insufficiency of the evidence must specify the respect in which the evidence is deficient. A motion merely stating that the evidence is insufficient does not preserve for appeal issues relating to a specific deficiency such as insufficient proof on the elements of the offense. A renewal at the close of all of the evidence of a previous motion for directed verdict or for dismissal preserves the issue of insufficient evidence for appeal. If for any reason a motion or a renewed motion at the close of all of the evidence for directed verdict or for dismissal is not ruled upon, it is deemed denied for purposes of obtaining appellate review on the question of the sufficiency of the evidence.

We recently held that Rule 33.1 is strictly construed and that

a defendant's failure to adhere to the requirements of Rule 33.1(a) will constitute a waiver of any question pertaining to the sufficiency of the evidence to support the verdict. Ark. R. Crim. P. 33.1(c). A general motion for directed verdict that merely asserts that the State has failed to prove its case is inadequate to preserve a sufficiency challenge for appeal. *Jordan v. State*, 2016 Ark. App. 255, at 7, 492 S.W.3d 543, 548. Failure to make the motion for directed verdict with specificity regarding the sufficiency issue on appeal equates to the motion never having been made. *E.g.*, *id.*

4

*Akram v. State*, 2018 Ark. App. 504, at 2–3, 560 S.W.3d 509, 512 (holding that the issue of sufficiency of the evidence was not preserved because the directed-verdict motion did not specify any missing elements); *see also Dortch v. State*, 2018 Ark. 135, 544 S.W.3d 518; *Carey v. State*, 365 Ark. 379, 230 S.W.3d 553 (2006); *Daniels v. State*, 2018 Ark. App. 334, 551 S.W.3d 428.

Avery argues that the evidence was insufficient to convict him on two counts of aggravated robbery and that his counsel correctly moved for a directed verdict according to Rule 33.1 at the end of the State's evidence and at the close of all evidence, thereby preserving his argument for appeal.[1] We disagree. Avery's directed-verdict motions were not specific regarding which elements were not met by the State's evidence nor did they specify the elements of aggravated robbery. Avery simply argued that none of the elements were met. Accordingly, we hold that his sufficiency argument is not preserved. *See Akram*, *supra*.

## III. *Evidentiary Issue*

The decision to admit or exclude evidence is within the sound discretion of the circuit court, and we will not reverse that decision absent a manifest abuse of discretion. *E.g.*, *Laswell v. State*, 2012 Ark. 201, 404 S.W.3d 818. The abuse-of-discretion standard is a high threshold that does not simply require error in the circuit court's decision but requires

---

[1]Preservation of Avery's right to freedom from double jeopardy requires that we consider a challenge to the sufficiency of the evidence prior to considering alleged trial error. *King v. State*, 323 Ark. 671, 674, 916 S.W.2d 732, 733–34 (1996). Therefore, we consider Avery's sufficiency argument, which was his second point on appeal, before considering his first point relating to an alleged evidentiary error. *Id*.

that the circuit court act improvidently, thoughtlessly, or without due consideration. *E.g.*, *Grant v. State*, 357 Ark. 91, 161 S.W.3d 785 (2004). In addition, we will not reverse a ruling on the admission of evidence absent a showing of prejudice. *E.g.*, *Davis v. State*, 350 Ark. 22, 86 S.W.3d 872 (2002).

Avery argues that the circuit court erred in allowing Officer Tart to testify that he could identify Avery's voice. He recites that Officer Tart stated he knew Avery and was familiar with his voice. On cross-examination, Officer Tart testified that the day before his testimony was the first time he had listened to the audio recording. Avery emphasizes that Officer Tart also said it was his understanding that the recording was a phone call from the jail, and when he listened to it, he had already been told it was a call between Avery and another person. Avery claims the fact that Officer Tart was told Avery was one of the parties on the recording made it impossible for Officer Tart to make an objective conclusion that he could identify the voice of Avery solely on the basis of his prior conversations with Avery. Avery argues that even though Officer Tart testified he had previously known Avery and had talked to him, these factors cannot be considered because Officer Tart listened to the voice recording after he had been told that Avery was one of the parties; thus, Avery claims that Officer Tart's identification testimony was not reliable.

Rule 901 of the Arkansas Rules of Evidence provides in pertinent part as follows:

(a) *General Provision*. The requirement of authentication or identification as a condition precedent to admissibility is satisfied by evidence sufficient to support a finding that the matter in question is what its proponent claims.

(b) *Illustrations*. By way of illustration only, and not by way of limitation, the following are examples of authentication or identification conforming with the requirements of this rule:

6

. . . .

> (5) *Voice identification.* Identification of a voice, whether heard firsthand or through mechanical or electronic transmission or recording, by opinion based upon hearing the voice at any time under circumstances connecting it with the alleged speaker.

Ark. R. Evid. 901(a), (b)(5) (2018). Authentication requirements are satisfied if the circuit court, in its discretion, concludes that the evidence presented is genuine and, in reasonable probability, has not been tampered with or altered in any significant manner. *Davis, supra; Guydon v. State*, 344 Ark. 251, 39 S.W.3d 767 (2001).

We hold that there was no abuse of discretion in admitting the audio recording because it was properly identified and authenticated through Officer Tart's testimony. The circuit court could rely on both the testimony of Officer Tart, who recognized Avery's voice, as well as the circumstantial evidence that linked the recording to Avery—Avery's name was mentioned in the recording, and Avery's counsel was referred to by his first name. *See Chatmon v. State*, 2015 Ark. 28, at 10–12, 467 S.W.3d 731, 737–38 (holding that no abuse of discretion occurred in the admission of recordings of phone calls after an officer testified that his identification of the voices was based on his prior interviews with the people identified).

Further, the fact that Officer Tart had previously interviewed Avery was established through the introduction of the video recording of Officer Tart's interview of Avery. Having heard and seen this interview, the circuit court overruled Avery's objection that Officer Tart's identification of the voice on the audio recording was unreliable. We hold that the circuit court committed no abuse of discretion because it was shown that Officer Tart had a reliable basis for his identification.

7

Affirmed.

ABRAMSON and WHITEAKER, JJ., agree.

*John Q. Hurst*, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *Kent G. Holt*, Ass't Att'y Gen., for appellee.