Cite as 2025 Ark. 96

# SUPREME COURT OF ARKANSAS
No. CR-24-762

| | |
|---|---|
| KENNETH SLOCUM | **Opinion Delivered:** May 29, 2025 |
| APPELLANT | PRO SE APPEAL FROM THE PULASKI COUNTY CIRCUIT COURT, FIFTH DIVISION [NO. 60CR-93-2979] |
| V. | |
| STATE OF ARKANSAS | HONORABLE LATONYA HONORABLE, JUDGE |
| APPELLEE | |
| | <u>AFFIRMED</u>. |

**BARBARA W. WEBB, Justice**

Kenneth Slocum brings this appeal from the denial by the trial court of his "Motion to Enforce the Agreement." Because the motion constituted an untimely petition under Arkansas's postconviction rule, Arkansas Rule of Criminal Procedure 37.1, we affirm.

## I. *Background*

In 1995, Slocum was found guilty of capital murder and sentenced to life imprisonment without parole. This court affirmed. *Slocum v. State*, 325 Ark. 38, 924 S.W.2d 237 (1996). Slocum subsequently filed in the trial court a petition for postconviction relief pursuant to Rule 37.1 that was granted. The State appealed, and we reversed the trial court's order. *State v. Slocum*, 332 Ark. 207, 964 S.W.2d 388 (1998).

In 2022, Slocum filed in this court a motion to re-call the mandate issued on direct appeal, alleging that the parties' agreement preserving all motions in limine filed by Slocum at trial had been violated. The argument appeared to refer to an agreement whereby the

defense, once the court denied a motion in limine, was not required to make a continuing objection during the trial; and, accordingly, the State would not claim that the failure to object was a procedural bar. This court denied the motion to re-call the mandate. *Slocum v. State*, No. CR–95–1039 (per curiam order entered September 29, 2022).

In 2023, Slocum filed a motion in the trial court to "enforce the agreement" in which he again alleged that the State had not honored the agreement. The trial court treated the motion as a petition for postconviction relief pursuant to Rule 37.1 and, on July 29, 2024, denied it as untimely.[1]

II. *Nature and Timeliness of the Motion to Enforce the Agreement*

This court has held that a petition for postconviction relief attacking a judgment, regardless of the label placed on it by the petitioner, can be considered pursuant to Rule 37.1. *Latham v. State*, 2018 Ark. 44; *State v. Wilmoth*, 369 Ark. 346, 255 S.W.3d 419 (2007). Under the Rule, Slocum's motion to enforce the agreement was not timely filed. Rule 37.2(c)(ii) provides that a petition under the Rule is untimely if not filed within sixty days of issuance of the appellate court's mandate affirming the judgment of conviction. The mandate in Slocum's direct appeal was issued in 1996, but his motion was not filed until 2023—approximately twenty-seven years later. The time limitations imposed in Rule 37.2(c) are mandatory, and the trial court may not grant relief on an untimely petition. *Maxwell v. State*, 298 Ark. 329, 767 S.W.2d 303 (1989). Because Slocum did not file his

---

[1]The trial court also noted in its order denying the motion that the argument regarding the motion in limine had been addressed on direct appeal and found not to be preserved for appeal. As stated, the claim was also raised in Slocum's motion to re-call the mandate that was denied by this court in 2022.

motion within the time limit set by the Rule, he was procedurally barred from proceeding and was entitled to no relief under the Rule.

Affirmed.

*Kenneth Slocum*, pro se appellant.

*Tim Griffin*, Att'y Gen., by: *Kent G. Holt*, Ass't Att'y Gen., for appellee.