## FINN *v.* STATE.

### Opinion delivered January 29, 1917.

1. FORGERY—INDICTMENT—AUTHORITY OF ACCUSED.—When an indictment for forgery alleges that the check was forged and counterfeited, it in effect, alleges that it was made without the authority of the person whose name was signed thereto.

2. FORGERY—SUFFICIENCY OF INDICTMENT.—An indictment charging forgery, *held* valid.

3. FORGERY OF CHECK—ENDORSEMENT—SUFFICIENCY OF INDICTMENT.—Where defendant was indicted for the forgery of a check, but not for the forgery of an endorsement thereon, the endorsement on the

check does not constitute in law a part of it, and need not be set out in an indictment for forgery of the check.

4. CONFESSIONS—EXTRAJUDICIAL CONFESSION.—A defendant can not be convicted on an extrajudicial confession, unless there is proof tending to show that the crime was committed by some one.

5. CONFESSION—FORGERY—CONFESSION—SUFFICIENCY OF CORROBORATION.—In a prosecution for forgery, evidence was introduced of the accused's confession of guilt to certain parties outside court. *Held,* there was other testimony introduced at the trial, sufficient to corroborate these confessions, and that the evidence was sufficient to warrant a conviction.

6. CONFESSIONS—VOLUNTARY CONFESSION—FORGERY.—In a prosecution for forgery, a confession of guilt by accused was introduced; *held,* the same was voluntarily made, and admissible.

7. CONFESSIONS—REDUCTION TO WRITING—BEST EVIDENCE RULE.— Where a confession has been committed to writing, the writing must be produced at the trial, under the best evidence rule, or its absence accounted for, and it is error, under the rule, to admit oral testimony to prove the written confession.

8. CONFESSIONS—WRITTEN AND ORAL—PROOF.—Although a confession has been reduced to writing, oral testimony of a confession not committed to writing is admissible.

Appeal from Benton Circuit Court; *J. S. Maples,* Judge; reversed.

*Duty & Duty,* for appellant.

1. There is no proof that the check was forged. The burden was on the State to show that the instrument was a forgery and that the defendant uttered same knowing at the time that same was in fact a forgery. 91 Ark. 485; 90 *Id.* 123; 47 *Id.* 572.

2. The court should have sustained the demurrer to the indictment because it does not allege that the instrument was made without the authority of the person whose name was signed thereto; and further, because it does not specifically state the real party intended to be defrauded. 19 Cyc. 1405 (B); 27 S. W. 816; 3 L. R. A. 220; 19 Cyc. 1408; 31 S. W. 678.

3. The court erred in admitting in evidence the check. It had not been proven a forgery and there was a fatal variance in the check offered and that set out in the indictment, in that the endorsement on the back

was not shown.   58 Ark. 242; 77 *Id.* 537; 86 *Id.* 126; 96 *Id.* 101; 94 *Id.* 400.

4.   The confession was not voluntary.   50 Ark. 501; 28 *Id.* 531; 70 *Id.* 24; 110 U. S. 574; 12 Cyc. 464. (H); 168 U. S. 532.

5.   Where the confession is in writing, oral proof is inadmissible.   12 Cyc 479 (P); 50 Miss. 332; 103 Fed. 938; 2 Enc. of Ev. 282.

6.   Defendant's instruction No. 4 should have been given, as to the weight to be given a confession made by the defendant prior to arrest.   63 Ark. 527; 94 *Id.* 207; Wharton on Cr. Ev. 638; 50 Ala. 104; 23 Am. St. 525.

*John D. Arbuckle*, Attorney General, and *T. W Campbell*, Assistant, for Appellee.

1.   The proof of forgery is ample and that defendant knew it when he cashed it.

2.   The indictment is sufficient.   The language of the statute is used.   Kirby's Digest, § 1715; 86 Ark. 126; 71 *Id.* 403; 62 *Id.* 517.

3.   There is no variance.   The endorsement on the back is no part of the check, in law.   77 Ark. 537, 543.

4.   The confession was voluntary and admissible as evidence.   93 Ark. 156; 73 *Id.* 495.   The burden was on appellant to show that it was involuntary.   25 Oh. St. 464; 60 Mich. 277; 126 Mass. 464; 99 Mo. 107; 19 Tex. App. 276; 148 Ind. 238; 113 Iowa 416; 13 Fla. 636; 38 Md. 140.

This was a matter of discretion for the trial court, and this court will not interfere unless an abuse of discretion is shown.   63 Ark. 527; 74 *Id.* 397.

5.   Parol evidence as to the confessions was admissible.   109 Ark. 138; 76 *Id.* 518; 99 *Id.* 471; 120 C. A. L. 253.   It was not prejudicial and was not objected to.   83 Ark. 331, 374; 32 *Id.* 346; 20 *Id.* 216.

6.   The question as to whether or not the confessions were free and voluntary was for the court and not the jury to decide.   63 Ark. 527.

HART, J.   Charley Finn was indicted, tried and convicted before a jury for the crime of forgery and his punishment fixed at two years in the State penitentiary. From the judgment of conviction he has duly prosecuted an appeal to this court.   The body of the indictment is as follows:

The grand jury of Benton county, in the name and by the authority of the State of Arkansas, accuse Charley Finn of the crime of uttering a forged instrument committed as follows, to-wit:

"The said Charley Finn in the said county of Benton in the State of Arkansas, on the 15th day of January, 1916, fraudulently and feloniously did utter and publish as true to W. H. Cowan, cashier of the First National Bank of Rogers, Arkansas, a corporation doing business under the laws of the State of Arkansas, a certain forged and counterfeited writing on paper, purporting to be a check on a bank, which said writing on paper is in words and figures as follows, to-wit:

Rogers, Ark., 191..

"No.........The First National Bank, Rogers, Ark.   Pay to G. C. Webb, or bearer, $15.00, Fifteen ............Dollars.

Finn & Allred.

"With intent then and there fraudulently and feloniously to obtain possession of the money and property of the First National Bank of Rogers, Arkansas, the said Charley Finn, well knowing at the time he uttered said writing on paper that the same was forged, counterfeited and not genuine, against the peace and dignity of the State of Arkansas."

(1-2)   It is contended by counsel for the defendant that the demurrer to the indictment should have been sustained because the indictment does not allege that the instrument was made without the authority of the person whose name was signed thereto.   A comparison of the indictment with Section 1715 of Kirby's Digest under which the indictment was framed, will show that

the indictment uses the language of the statute and contains every allegation required by the statute. When the indictment alleges that the check was forged and counterfeited, it, in effect, alleges that it was made without the authority of the person whose name was signed thereto. It is also contended that the indictment is deficient in that it does not specifically state the real party, person or corporation intended to be defrauded. The indictment alleges that the First National Bank of Rogers is a corporation doing business under the laws of the State of Arkansas and charges that the forgery was done with the felonious intent to obtain possession of the money of the First National Bank of Rogers, Arkansas. The indictment followed the language of the statute and was not demurrable. *Teague* v. *State*, 86 Ark. 126.

(3) It is next contended that the court erred in admitting the check in evidence on the ground that there is a fatal variance between the check introduced in evidence and the check set out in the indictment in that the endorsement on the back of the check was not set out in the indictment. The forgery charged was of the check and the defendant was not indicted for the forgery of the endorsement and in such cases the endorsement on the check does not constitute in law a part of it and need not be set out in an indictment for forgery of such note or check. *Crossland* v. *State*, 77 Ark. 537.

(4-5) It is insisted that there is no evidence legally sufficient to warrant the verdict. This court has held that a defendant cannot be convicted on an extrajudicial confession unless there is proof tending to show that the crime was committed by some one. *Dewein* v. *State*, 114 Ark. 472; *Greenwood* v. *State*, 107 Ark. 568; *Harshaw* v. *State*, 94 Ark. 343. The defendant made a confession of his guilt to a constable and to two employees of the bank. He first admitted to one of the employees of the bank that he knew that the instrument had been forged when he presented it to the bank and had it cashed. Subsequently on the

same day he confessed in the presence of other persons that he was guilty of uttering the forged instrument and knew that it was forged at the time he presented it for payment. It is earnestly insisted by counsel for the defendant that there is no other evidence tending to connect him with the crime or to show that the check was forged. We do not agree with counsel in this contention.

Mr. Allred testified that he did not sign the check and could not swear for certain that the check had not been signed by his partner who was the father of the defendant but he stated that he was familiar with his partner's signature and that the signature to the check did not look like that of his partner. In another portion of his testimony he stated that it was not his partner's signature unless he had changed it.

An employee of the bank stated that he was familiar with the signature of both of the partners whose names are signed to the check and that neither one of them had signed it. He stated that the check was a forgery.

Mr. G. C. Webb, to whom the check was made payable, stated that Finn and Allred had not given the check to him. It was also proved that the First National Bank of Rogers, Arkansas, is a corporation doing business under the laws of the State of Arkansas at the town of Rogers, Arkansas. This testimony was sufficient to corroborate the testimony of the defendant and establish his guilt.

(6) It is also contended that the confession was not voluntary within the rule announced by the decisions cited above and other decisions of this court. We do not agree with counsel in this contention. It is true the defendant was only 16 years of age at the time he made the confession, but under the circumstances attending it, we do not think the circuit court abused its discretion in not excluding it from the jury. According to the witnesses for the State the defendant had left home after having cashed the check and was absent for several months. After the bank discovered

that the check was a forgery, its officers suspected the
defendant and the constable was informed of the
crime.   On the day that the defendant returned home
the constable got with him and went to the bank.
When they got there and began to talk about the mat-
ter, the deputy prosecuting attorney was present, but
soon left.   The defendant at first denied his guilt and
an employee of the bank told him that it was a serious
offense and that if he was guilty it would be better that
he should tell it.   Both he and the constable stated
that no threats were made against the defendant and
no hope of reward or benefit held out to him to induce
him to make the confession.   Later on another em-
ployee of the bank came in and the defendant again
confessed his guilt and his statement was reduced to
writing.   This confession was also voluntary.   The
defendant was not arrested until after he had made the
confessions and left the bank.

(7)   It is next contended that the court erred in
admitting oral evidence of the confession which was
reduced to writing.   In this contention we think counsel
is correct.   Where the confession has been committed
to writing the writing must be produced as the best
evidence, unless its absence is accounted for.   12 Cyc.
479.   In 2 Encyclopedia of Evidence, 281, it is stated
that the rule is that the best evidence of the contents of
every private writing is the writing itself and that the
writing be produced for that purpose except in certain
enumerated cases.

(8)   It is further stated that the application of this
rule is not affected by the character of the writing
but that it applies with equal force to all kinds
of writings whether as mere instruments of evidence
whose contents are a relevant fact to be proved, as for
example written declarations, written confessions, etc.
The rule is also recognized in a note to paragraph 215,
Vol. 1, of the 15th Ed. of Greenleaf on Evidence.   It
cannot be a sound proposition of law however, that
because the confession which one witness stated was
reduced to writing that other confessions made by the

defendant which were not reduced to writing cannot be proved by parol. *People* v. *Cokahnour*, 120 Cal. 253. Hence the court did not err in the admission of the testimony of the witnesses who heard the oral confession of the defendant.

For the error in receiving oral testimony of the written confession, the judgment must be reversed and the cause remanded for a new trial.