NORTON *v.* STATE.

376 S. W. 2d 267

Opinion delivered March 9, 1964.
[Rehearing denied March 30, 1964.]

*F. C. Crow,* for appellant.

*Bruce Bennett,* Attorney General, By *Richard B. Adkisson,* Asst. Atty. General, for appellee.

GEORGE ROSE SMITH, J. The appellant, aged nineteen, was charged by information with having raped a girl under the age of sixteen. The jury found him guilty of the lesser offense of carnal abuse and fixed his punishment at three years imprisonment.

There is no real question about the sufficiency of the evidence. The accused admitted the act of intercourse but testified that it took place with the cooperation and consent of the prosecuting witness. According to the proof she was then only fifteen years old; so her consent would not be a defense to the charge of carnal abuse. Ark. Stat. Ann. § 41-3406 (1947); *Reed* v. *State,* 175 Ark. 1170 (mem.), 299 S. W. 757.

It is insisted that the trial court erred in allowing the mother of the prosecutrix to state her daughter's age, the objection being that the child's birth certificate

would be the best evidence. This identical contention was rejected in *Tugg* v. *State,* 206 Ark. 161, 174 S. W. 2d 374.

At the pretrial conference counsel for the accused asked for the names of the State's witnesses. The prosecuting attorney supplied all the names except that of Katy Thompson, whose name he could not recall. He explained, however, that she lived in a certain neighborhood, that A. W. Keith, a deputy sheriff, knew her name, and that he (the prosecutor) would furnish the name when he returned to his office. In fact, however, the prosecuting attorney overlooked the matter of communicating the requested information to the defense attorney before the trial. Even so there was no error in permitting Katy Thompson to testify, for the defense could have learned her identity simply by making a telephone call to the prosecuting attorney or to Keith. In the circumstances it cannot be said that the State unfairly produced a surprise witness.

The court was right in allowing Keith to relate an oral confession that was made to him by the accused. Under our holding in *Finn* v. *State,* 127 Ark. 204, 191 S. W. 899, this oral confession was not rendered inadmissible by the fact that a different confession, made several days later to a deputy prosecuting attorney, was reduced to writing. Moreover, on the witness stand Norton in substance conceded the truth of his admissions to Keith.

We find no merit in any of the appellant's assignments of error.

Affirmed.