Ricky GAMBLE *v.* STATE of Arkansas

CR 02-688                                           95 S.W.3d 755

Supreme Court of Arkansas
Opinion delivered January 23, 2003

542

*William R. Simpson, Jr.*, Public Defender, by: *Clint Miller*, Deputy Public Defender.

*Mark Pryor*, Att'y Gen., by: *Vada Berger*, Ass't Att'y Gen., for appellee.

JIM HANNAH, Justice. Appellant Ricky Gamble appeals his conviction for the class C felony of theft of property having a value of less than two thousand five hundred dollars but more

than five hundred dollars. Gamble asserts that his conviction must be reversed due to a lack of substantial evidence. He also asserts that the trial court erred in admitting testimony about the contents of his statement when the actual audio tape of his statement was the best evidence.

This appeal was filed in the court of appeals. On October 31, 2002, the State filed a motion in the court of appeals asking that the case be certified to the supreme court because Gamble was relying in part on a 1917 criminal case of the supreme court, which the State alleges has been overruled by implication. That motion was granted on November 12, 2002. Jurisdiction is proper in the supreme court under Ark. Sup. Ct. R. 1-2(b). We hold there was no error and affirm.

*Facts*

Dr. Michael Young testified that he was staying at the Capitol Hotel on July 19, 2001. Dr. Young also testified that while he was staying at the Hotel, he returned to his room and found two pistols were missing. An investigation was undertaken on July 19, 2001.

Lorene Davis testified that on July 19, 2001, she was employed at the Capitol Hotel as a room attendant. She identified Gamble as a fellow employee whose duties included pulling linens and removing trash, but whose duties did not include entry into rented rooms. She testified that she nonetheless saw Gamble enter rented rooms 302, 322 and 330 on July 19, 2001.

Denise Johnson testified that she was employed in housekeeping at the Capitol Hotel on July 19, 2001, and she identified Gamble as a fellow employee whose typical duties were to pull linens and "stuff" from vacant rooms. Johnson testified that on July 19th, she cleaned room 322, a rented room, and later saw Gamble leaving room 322. She further testified that Gamble had no business in the room because it was rented and because she had just cleaned it. She also testified that fifteen minutes later she saw Gamble enter room 322 again, but this time in company of

another person. Johnson testified that she did not see either Gamble or the other person leave the room with anything.

Detective Darrell Casteel of the Little Rock Police Department testified that he was called to investigate the theft of the pistols at the Capitol Hotel on July 19, 2001. He further testified that he interviewed Gamble as a part of that investigation. Detective Casteel then testified that Gamble waived his rights and gave a statement including an admission that he entered a hotel room at the Capitol Hotel and stole two guns. Detective Casteel testified that Gamble told him where one pistol was hidden and that the other pistol was sold to a person on the streets in North Little Rock. According to Detective Casteel's further testimony, the hidden pistol was recovered and returned to Dr. Young.

### Directed Verdict

Gamble first challenges the sufficiency of the evidence. He argues that evidence obtained through his confession to Detective Casteel was inadmissible because the tape of the confession was the best evidence. As discussed later in this opinion, Detective Casteel's testimony about the statement was properly admitted in this case.

The right against double jeopardy requires that we consider the challenge to the sufficiency of the evidence before we consider alleged trial error even where the issue was not presented as the first issue on appeal. *Price v. State*, 347 Ark. 708, 66 S.W.3d 653 (2002); *King v. State*, 323 Ark. 671, 916 S.W.2d 732 (1996). It is well settled that a motion for a directed verdict is a challenge to the sufficiency of the evidence. *Atkinson v. State*, 347 Ark. 336, 64 S.W.3d 259 (2002). *See also, Smith v. State*, 346 Ark. 48, 55 S.W.3d 251 (2001). The test for determining the sufficiency of the evidence is whether the verdict is supported by substantial evidence, direct or circumstantial. *Smith, supra*. Substantial evidence is evidence forceful enough to compel a conclusion one way or the other beyond suspicion or conjecture. *Atkinson, supra*. When a defendant challenges the sufficiency of the evidence convicting him, the evidence is viewed in the light most favorable to the

State. *Id.* Only evidence supporting the verdict will be considered. *Id.*

■ The State relied entirely upon circumstantial evidence. The State provided no witness who testified he or she saw Gamble steal or exercise unauthorized control over the pistols. Direct evidence is evidence that proves a fact without resort to inference, when for example, it is proved by witnesses who testify to what they saw, heard or experienced. "Direct evidence is evidence which, if believed, resolves the issue. . . .For example, a witness who testifies that he saw A stab B with a knife is direct evidence of whether A did in fact stab B." John W. Strong, *McCormick on Evidence* §185, at 641-642 (5th ed. 1999).

■ ■ Guilt, however, can be established without eyewitness testimony, and evidence of guilt is not less because it is circumstantial. *Gregory v. State*, 341 Ark. 243, 15 S.W.3d 690 (2000); *Trimble v. State*, 316 Ark. 161, 871 S.W.2d 562 (1994). Whether evidence is direct or circumstantial, it must meet the requirements of substantiality. *Gregory, supra.* It must force the fact-finder to reach a conclusion one way or the other without resort to speculation or conjecture. *Chism v. State*, 312 Ark. 559, 853 S.W.2d 255 [853 S.W.2d 555] (1993). Where circumstantial evidence alone is relied upon, it must exclude every other reasonable hypothesis than that of guilt of the accused or it does not rise to the required substantial evidence. *Gregory, supra.*

Gamble was accused of exercising unauthorized control over two pistols belonging to Dr. Young in violation of Ark. Code Ann. § 5-36-103 (Supp. 2001). In the felony information, it was asserted that the value of the property was less than $2500.00 but more than $500.00.

Gamble argues:

> [A]lthough Appellant Gamble told Little Rock Police Detective that he stole some guns from the Capitol Hotel and although Appellant Gamble knew the location of one of Mr. Young's missing pistols, Detective Casteel did not testify that Appellant Gam-

ble specifically told him that he stole two pistols from Michael Young's room in the Capitol Hotel on July 19, 2001.

Gamble asserts that his knowledge of the location of one of the stolen pistols does not prove he stole it.

At trial, Dr. Young testified that two pistols were stolen from his room at the Capitol Hotel. He also testified that their value was in the range asserted by the State in the felony information. Testimony of hotel employees Davis and Johnson was admitted that showed Gamble was a hotel employee who was present during Dr. Young's stay, and an employee who had access to rented rooms such as Dr. Young's room. Further, Davis's and Johnson's testimony established that Gamble was entering rented rooms even though his job duties did not require him to do so, and even though he was not supposed to enter rented rooms. Detective Casteel then testified that he investigated the theft of Dr. Young's pistols and recovered one of the pistols from where Gamble told him he had hidden it. Detective Casteel returned the recovered pistol to Dr. Young. This constitutes substantial circumstantial evidence.

In addition, Gamble confessed to Detective Casteel that he took the pistols, and that the second pistol was sold on the street in North Little Rock. The evidence with or without the confession constitutes substantial evidence that Gamble exercised unauthorized control of Dr. Young's pistols in violation of Ark. Code Ann. § 5-36-103.

### Contemporaneous Objection

The State makes the argument that this court may not hear any issue regarding testimony about the contents of Gamble's statement because Detective Casteel responded to a question about the contents of the statement before Gamble objected to the question. There is no merit to the issue. The testimony at issue is:

Q: Did he give you a statement?

A: Yes.

> Q: During the course of the statement you took from him, did he admit to entering into a hotel room at the Capitol Hotel and stealing two guns?
>
> A: Yes, he did.
>
> Ms. CORDI: Your honor I'll object. The basis of my objection is this apparently, I believe, was a taped statement that was taken from Mr. Gamble and that would be the best evidence in this case, so I'll object to any statements by Detective Casteel regarding this conversation with Ricky since there is a taped conversation.

We first note that what was objected to was the admission of testimony about the contents of the statement, not the fact that a statement had been taken. Thus, what occurred at trial was the posing of a leading question about the contents of the statement that invited a simple "yes" as a response. Gamble's counsel objected, but not before Detective Casteel said, "Yes, he did." It appears the State's argument is reduced to an assertion that counsel must manage to insert the objection between the question and answer so as to preclude a response or the objection is waived. The law is not so narrow as that.

██ ██ In *Robinson v. State*, 348 Ark. 280, 72 S.W.3d 827 (2002), this court stated that the purpose of the contemporaneous-objection rule is to give the trial court a fair opportunity to consider an allegation of error and to correct it, if the allegation is meritorious. *See Brooks v. State*, 256 Ark. 1059, 511 S.W.2d 654 (1974); *Western Union Tel. Co. v. Freeman*, 121 Ark. 124, 180 S.W. 743 (1915); *Jones v. Seymour*, 95 Ark. 593, 130 S.W. 560 (1910). *Robinson*, 348 Ark. at 294-295. We also note that this was a bench trial. In *Stewart v. State*, 332 Ark. 138, 143, 964 S.W.2d 793 (1998) this court stated:

> If a contemporaneous objection is not made at the time the evidence is offered during a jury trial, the proverbial bell will have been rung and the jury prejudiced. However, when the contested evidence is mentioned during a bench trial, there is no risk of prejudice because a trial judge is able to consider evidence only for its proper purpose.

*Stewart*, 332 Ark. at 143. To preserve a point for appeal, a proper objection must be asserted at the first opportunity after the matter to which objection has been made occurs. *Smith v. State*, 330 Ark. 50, 953 S.W.2d 870 (1997); *Asher v. State*, 303 Ark. 202, 795 S.W.2d 350 (1990), *cert. denied*, 498 U.S. 1048 (1991). This was done in the present case. There is no merit to the State's argument that the issue was not preserved.

### The Statement

Gamble argues that his confession may not be considered because where a confession has been recorded, the recording must be produced at trial if the State wants to put on evidence of the confession. In support, Gamble asserts that *Finn v. State*, 127 Ark. 204, 191 S.W. 899 (1917) requires that where a confession has been reduced to writing, the State may not prove the contents of the confession by oral testimony of a witness who heard the confession. The holding in *Finn* is not so broad as Gamble alleges.

In *Finn*, the court cited 2 *Encyclopedia of Evidence*, 281 stating that the best evidence of the content of a writing is the writing itself. *Finn*, 127 Ark. at 210. That remains the law. Ark. R. Evid. 1002. In *Finn*, the issue was the admission of oral testimony regarding the contents of a written confession. *Finn*, 127 Ark. at 210. *Finn* stands for the proposition that where the contents of a written confession are at issue, the best evidence of the written confession is the writing. That holding is consistent with subsequent case law.[1]

---

[1] See also *Stout v. State*, 244 Ark. 676, 426 S.W.2d 800 (1968), where the State used a written statement to impress upon the jury the prosecution's contentions about inconsistencies between the written statement and testimony of the accused. This court in *Stout* cited *Finn* in stating that it was not error to permit the sheriff to testify to other oral statements made to him by the accused. The written statement at issue in the case had been given to the prosecutor, and the sheriff was not testifying about the contents of the written statement. *Stout*, 244 Ark. at 680. In *Norton v. State*, 237 Ark. 783, 376 S.W.2d 267 (1964), this court again noted *Finn* and stated that even where a confession had been reduced to writing, oral evidence of other statements by the accused were admissible.

In *Sumlin v. State*, 266 Ark. 709, 587 S.W.2d 571 (1979), appellant argued that the trial court erred in admitting a tape of the confession where only a transcript was available at the *Denno* hearing. In *Sumlin*, citing Ark. R. Evid. 1002, this court stated, "The judge was right, the tape was the best evidence of the confession." *Sumlin*, 266 Ark. at 718. The contents of the taped confession were at issue in *Sumlin*. In *Williamson v. State*, 263 Ark. 401, 565 S.W.2d 415 (1978), the State had a taped statement and transcription of the statement, neither of which were provided to the criminal defendant even though a request had been made under Ark. R. Crim. P. 17.1. This court stated that the criminal defendant was entitled to not only the statement, but also the tape because the tape was the best evidence and would be needed to determine if the transcription was a correct reproduction of the tape. *Williamson*, 263 Ark. at 405.

In *Hamm v. State*, 296 Ark. 385, 757 S.W.2d 932 (1988), the appellant's statement was taped, but the tape was erased when it was reused. At trial, the appellant moved to suppress the statement because the State introduced a transcription of the tape. The trial court allowed the transcription to be introduced into evidence. This court held that admission of the transcription was in error, that the appellant was prejudiced in that the recording was the best evidence and without it the appellant had no way to determine whether the transcription was accurate.

In *Mitchell v. State*, 295 Ark. 341, 750 S.W.2d 936 (1988) (overruled on other grounds in *MacKintrush v. State*, 334 Ark. 390, 978 S.W.2d 293 (1998)), this court was also faced with an attempt to introduce a transcription of a taped statement where the tape had been reused and was no longer available. The State asserted unavailability, which this court rejected. This court stated that where a statement was taped, the tape needed to be kept for a reasonable period of time if the State wished to admit the transcription. *Mitchell*, 295 Ark. at 354. The court went on to state that if the State could simply argue unavailability, "[t]he authorities could, with impunity, simply destroy the best evidence of

what was said by the accused, and then assert its unavailability in every case." *Id.*

At issue in *Finn* and the other noted cases was the admission of evidence of the content of a writing or recording. Therefore, the best evidence rule was applicable. However, in the case before us, there is no best evidence issue. The content of the tape was not at issue. The best evidence rule applies only to writings, photographs and recordings. *Redman v. State*, 265 Ark. 774, 580 S.W.2d 945 (1979). Further, it is only when the writing itself must be proved that the writing must be produced. *Canady v. Canady*, 285 Ark. 378, 687 S.W.2d 833 (1985). The best evidence rule deals with writings alone. *Meyer v. State*, 218 Ark. 440, 236 S.W.2d 996 (1951).

What was at issue in this case was what Gamble told Detective Casteel. In *Hamm, supra,* the tape of the statement was erased and the case was reversed where the State had obtained admission of the transcription of the tape. The transcription was not admissible because of the best evidence rule. The court went on to say, however:

> In summation, the trial court erred in allowing the transcription of the appellant's confession to be read into evidence. This does not mean, however, that upon retrial the trial court cannot allow oral testimony about the confession into evidence. *It is the transcription itself which was admitted in violation of the rules of criminal procedure.*

*Hamm,* 296 Ark. at 389. (emphasis added).

No writing was at issue in this case. The State did not attempt to introduce a transcript of the confession. Testimony of Detective Casteel about what Gamble told him was at issue. The best evidence rule was not applicable under these facts. No other objection was made. The testimony was properly admitted in this case.

Affirmed.