Carl LOWE *v.* STATE of Arkansas

CR 03-1173                                      182 S.W.3d 132

Supreme Court of Arkansas ·
Opinion delivered May 27, 2004

*Joseph P. Mazzanti, III,* for appellant.

*Mike Beebe,* Att'y Gen., by: *Laura Shue,* Ass't Att'y Gen., for appellee.

Betty C. Dickey, Chief Justice. Carl Lowe appeals his convictions for aggravated robbery, theft of property,

kidnapping, and felon in possession of a firearm in connection with the robbery of the JES Liquor Store in Dumas. Lowe was sentenced as a habitual offender and received sentences of life imprisonment on the aggravated robbery charge, thirty years for theft of property, forty years for kidnapping, and forty years for felon in possession of a firearm, all to run consecutively. Because this is an appeal in which a sentence of life imprisonment has been imposed, jurisdiction is proper pursuant to Ark. Sup. Ct. R. 1-2(a)(2). On appeal, Lowe challenges the sufficiency of the evidence. He contends that the trial court erred in denying his motions for a directed verdict. We find no error and affirm.

*Facts*

On the morning of January 7, 2003, Cindy Ashcraft, the manager of JES Liquor, heard the back door of her store open and noticed two men entering the establishment. The first man was wearing a long black coat and a camouflage face mask. She did not recognize the other man, who was not wearing a mask. Both men were wearing white cotton gloves. The masked individual pointed a revolver at Ms. Ashcraft's head and demanded all of her money. Ms. Ashcraft testified that based upon the masked man's mannerisms, height, and voice, the first name that popped into her head was Carl Lowe, a regular customer of hers. After giving the men the money from her cash register, Ms. Ashcraft was taken into the store room, and her hands were bound with duct tape behind her back. The two men took $1,737.00 in cash and rolled coins, a bottle of Crown Royal whiskey, a bottle of Hennessy cognac, and a few packs of Newport cigarettes and left the store.

About noon that day, the Dumas Police Department obtained a search warrant for the apartment where Lowe stayed. The police recovered two black leather-like coats similar to the ones worn by the robbers, one of which was found in Lowe's bedroom. In addition, the officers found a camouflage face mask, $1,160.00 cash, and $76.00 in rolled coins in the appellant's bedroom closet. The officers discovered an additional $501.00 cash in a plastic bag underneath Lowe's bed.

Later that afternoon, the officers secured a second search warrant, and recovered a loaded revolver in the kitchen cabinet of the appellant's apartment. The police found white cloth gloves in both the kitchen and the appellant's bedroom, and an empty bottle of Hennessy cognac and a full bottle of Crown Royal whiskey in

the kitchen. The tax number from the bottle of Hennessy was the next number in sequence from the numbers on the bottles that remained at Ms. Ashcraft's store. The tax number on the bottle of Crown Royal matched the numbers on the counterpart bottles that remained at the store. Finally, the officers discovered a pack of Newport cigarettes on Lowe's person and another pack of Newports in the pocket of the second black coat from the living room. The tax stamp numbers from the packs of Newport cigarettes matched those of the other packs of Newports from JES Liquor.

At trial, Lowe moved for directed verdicts on all the charges against him, which were denied. A Desha county jury convicted Lowe of aggravated robbery, theft of property, kidnapping, and felon in possession of a firearm. Lowe was sentenced as a habitual offender and received a sentence of life imprisonment on the aggravated robbery charge, thirty years for theft of property, forty years for kidnapping, and forty years for felon in possession of a firearm. All of the sentences were to run consecutively. Lowe appeals his conviction on the basis that there was insufficient evidence.

### Standard of Review

■■ Motions for directed verdict are challenges to the sufficiency of the evidence. *Benson v. State,* No. CR03-1095, slip op. (April 22, 2004); *Tester v. State,* 342 Ark. 549, 30 S.W.3d 99 (2000). When reviewing the denial of a directed-verdict motion, the appellate court will look at the evidence in the light most favorable to the State, considering only the evidence that supports the verdict and will affirm if there is substantial evidence to support the jury's conclusion. *Burmingham v. State,* 342 Ark. 95, 27 S.W.3d 351 (2000). Substantial evidence is that which is forceful enough to compel reasonable minds to reach a conclusion one way or the other and permits the trier of fact to reach a conclusion without having to resort to speculation or conjecture. *Green v. State,* 355 Ark. 1, 977 S.W.2d 192 (1998).

### Circumstantial versus Direct Evidence

On appeal, Lowe claims the trial court erred in denying his motion for directed verdict because the evidence used to identify him as the robber was insufficient. Lowe argues the State introduced only inconclusive or circumstantial evidence of identification through Ms. Ashcraft's testimony and through items found at his residence. We disagree.

██ While the items recovered from Lowe's apartment linking him to the crime are circumstantial evidence, we have held that guilt can be established without eyewitness testimony, and evidence of guilt is not less because it is circumstantial. *Gamble v. State*, 351 Ark. 541, 95 S.W.3d 755 (2003); *Gregory v. State*, 341 Ark. 243, 15 S.W.3d 690 (2000); *Trimble v. State*, 316 Ark. 161, 871 S.W.2d 562 (1994). Where circumstantial evidence alone is relied upon, it must exclude every other reasonable hypothesis, other than that of guilt of the accused, to be substantial. *Gregory, supra.* However, in the case at bar, Lowe was not convicted upon purely circumstantial evidence.

██ Direct evidence is evidence that proves a fact without resort to inference, when for example, it is proved by witnesses who testify as to what they saw, heard, or experienced. *Gamble, supra.* Furthermore, direct evidence is evidence which, if believed, resolves the issue. *Id.* This court has held that it is within the province of the jury to accept or reject testimony as it sees fit. *Riggins v. State*, 317 Ark. 636, 882 S.W.2d 664 (1994). The testimony provided by Ms. Ashcraft as to what she saw, heard, and experienced during the course of the robbery is direct evidence.

### Sufficiency of the Evidence

The State contends that the trial court did not err by denying the motion for directed verdict as there was sufficient evidence that Lowe committed the crimes with which he was charged. We agree.

At trial, Ms. Ashcraft testified that Lowe was a regular customer of hers; when she saw the masked gunman enter the store the first name that came to mind was Carl Lowe. Ms. Ashcraft based her conclusions on the gunman's height, voice, and mannerisms, which matched those of Lowe. Furthermore, the items of clothing matching those worn by the gunman were later found at Lowe's apartment, and Ms. Ashcraft testified that the revolver found in the apartment looked like the one that was pointed at her head. Also, Lowe was found at the apartment with Joshua Jenkins, whom Ms. Ashcraft later identified, by reviewing the photographs, as the other man involved in the robbery. The officers also discovered in the search of the residence (1) the same amount of money taken from the store; (2) a Crown Royal whiskey bottle and Newport cigarette packs that bore tax numbers that matched the ones found at the store; and (3) a Hennessy bottle of cognac

which matched the next number in sequence to other bottles of Hennessy found at Ms. Ashcraft's store.

■■■ Although Lowe presented testimony from an alibi witness to show that Lowe was not involved in the crimes, the jury was free to disbelieve the witness. This court has held that we do not attempt to weigh the evidence or pass on the credibility of witnesses. That duty is left to the trier of fact. *Harris v. State*, 331 Ark. 353, 961 S.W.2d 737 (1998). While the State's witnesses admitted that the whiskey, cognac, and cigarettes found in Lowe's apartment could have been purchased on different occasions, and Ms. Ashcraft said that she had no way of knowing the items of clothing and the revolver found at Lowe's apartment were the exact same ones used during the robbery, the weight given to the circumstantial evidence is for the jury to decide. *Slocum v. State*, 325 Ark. 38, 924 S.W.2d 237 (1996).

■■■ With regard to the kidnapping charge, the section of our criminal code governing kidnapping, Ark. Code Ann. § 5-11-102(a)(3) (Repl. 1997), provides, in pertinent part:

> a) A person commits the offense of kidnapping if, without consent, he restrains another person so as to interfere substantially with his liberty with the purpose of:

> \* \* \*

> (3) Facilitating the commission of any felony or flight thereafter.

Because Lowe duct-taped Ms. Ashcraft's hands behind her back while he was robbing and fleeing from the liquor store, we hold that there was sufficient evidence to support a conviction of kidnapping. Finally, it was undisputed that Lowe had been previously convicted of aggravated robbery, burglary, theft of property, felon in possession of a firearm, and possession of crack cocaine over the years. Accordingly, there was sufficient evidence to support another conviction as a felon in possession of a firearm in this case.

■■■ After considering the direct and circumstantial evidence, we conclude that the jury need not have resorted to speculation or conjecture to find that Lowe committed the offenses. Accordingly, we hold that the evidence presented at trial was sufficient to support Lowe's conviction, and we affirm the trial court's denial of the motion for a directed verdict.

*Rule 4-3(h) Review*

Because Lowe received a sentence of life imprisonment without parole, the record has been reviewed for other reversible error, as required by Supreme Court Rule 4-3(h), and none has been found.