

# ARKANSAS COURT OF APPEALS

DIVISION IV
**No.** CR–16–1073

|  |  |
|---|---|
| K.B.<br><br>APPELLANT<br><br>V.<br><br>STATE OF ARKANSAS<br><br>APPELLEE | **Opinion Delivered:** September 27, 2017<br><br>APPEAL FROM THE GARLAND COUNTY CIRCUIT COURT<br>[NO. 26JV-16-119]<br><br>HONORABLE TED C. CAPEHEART, JUDGE<br><br>AFFIRMED |

## RAYMOND R. ABRAMSON, Judge

K.B. appeals the Garland County Circuit Court's June 20, 2016 adjudication order finding him guilty of rape pursuant to Arkansas Code Annotated section 5-14-103 (Repl. 2013). K.B. and his codefendant, C.J.M., were tried together in a joint delinquency proceeding. We affirmed the circuit court's decision in *C.J.M. v. State*, 2017 Ark. App. 477, handed down this same date, and we affirm the instant case as well.

On appeal, K.B. argues that (1) the circuit court erred by denying his motion to dismiss because the State presented insufficient evidence to meet its burden of forcible compulsion; (2) the circuit court should have granted his motion for new trial because material evidence[1] was destroyed and suppressed; (3) the circuit court erred in denying the motion to suppress K.B.'s statement in violation of Arkansas Code Annotated section 9-27-

---

[1]*Brady v. Maryland*, 373 U.S. 83 (1963).

321 (Repl. 2015), and *Miranda v. Arizona*, 384 U.S. 436 (1986); and (4) the circuit court abused its discretion in denying his motion for a new trial based on newly discovered evidence.

K.B. first argues that the State did not present sufficient evidence to meet its burden of forcible compulsion under Arkansas Code Annotated section 5-14-103. The statute provides that a person commits rape if he or she engages in sexual intercourse or deviate sexual activity with another person by forcible compulsion. *See* Ark. Code Ann. § 5-14-103(a)(1). Although a delinquency adjudication is not a criminal conviction, the standard of review is the same as it would be in a criminal case. *E.g.*, *A.D. v. State*, 2015 Ark. App. 35, at 4, 453 S.W.3d 696, 698 (citing *E.S. v. State*, 2013 Ark. App. 378). A motion to dismiss made during an adjudication proceeding is a challenge to the sufficiency of the State's evidence. *E.g.*, *Stewart v. State*, 362 Ark. 400, 403, 208 S.W.3d 768, 770 (2005) (citing Ark. R. Crim. P. 33.1).

When a defendant challenges an adjudication based on the sufficiency of the evidence presented at the hearing, the evidence is reviewed in the light most favorable to the State. *Id.* (citing *Gamble v. State*, 351 Ark. 541, 95 S.W.3d 755 (2003)). Only evidence that supports the adjudication will be considered. *Id.* The test for determining the sufficiency of the evidence is whether the adjudication is supported by substantial evidence, direct or circumstantial. *Id.* Substantial evidence is evidence forceful enough to compel the fact-finder to make a conclusion without resorting to speculation or conjecture. *Id.*

In rape cases, the requirement of substantial evidence is satisfied by the rape victim's testimony. *See, e.g.*, *Allen v. State*, 2016 Ark. App. 537, at 3, 506 S.W.3d 278, 281 (citing

*Bishop v. State*, 310 Ark. 479, 484, 839 S.W.2d 6, 9 (1992)). Our appellate courts have repeatedly held that the uncorroborated testimony of a rape victim that shows penetration is sufficient evidence for a conviction. *Lamb v. State*, 372 Ark. 277, 282, 275 S.W.3d 144, 148 (2008). Additionally, there is no requirement that there be scientific evidence of rape. *See, e.g., Sandrelli v. State*, 2015 Ark. App. 127, at 3.

Here, the victim testified in detail about the events that took place on February 24, 2016, and how both K.B. and C.J.M. had forced her into the fieldhouse and how C.J.M. had "touched her on the inside" with his finger, while K.B. restrained her by the waist and grabbed her hands.

As noted above, a person commits the offense of rape if he or she engages in sexual intercourse or deviate sexual activity with another person by forcible compulsion. Ark. Code Ann. § 5-14-103(a)(1). "Deviate sexual activity" is defined as any act of sexual gratification involving (A) the penetration, however slight, of the anus or mouth of a person by the penis of another person; or (B) the penetration, however slight, of the labia majora or anus of a person by any body member or foreign instrument manipulated by another person. Ark. Code Ann. § 5-14-101(1).

"Forcible compulsion" is "physical force or a threat, express or implied, of death or physical injury to or kidnapping of any person." Ark. Code Ann. § 5-14-101(2). "Physical force" is "any bodily impact, restraint or confinement, or the threat thereof." *Freeman v. State*, 331 Ark. 130, 132, 959 S.W.2d 400, 401 (1998). Force is present if "the act is against the will of the party upon whom the act was committed." *Williams v. State*, 2011 Ark. App. 675, at 6, 386 S.W.3d 609, 613.

The elements of accomplice liability are defined by Arkansas Code Annotated section 5-2-403 which, in pertinent part, provides:

> (a) A person is an accomplice of another person in the commission of an offense if, with the purpose of promoting or facilitating the commission of an offense, the person:
> (2) Aids, agrees to aid, or attempts to aid the other person in planning or committing the offense[.]

Although it is true that the mere presence at the scene of the crime does not make one an accomplice as a matter of law, *Pilcher v. State*, 303 Ark. 335, 338–39, 796 S.W.2d 845, 847–48 (1990), each participant is criminally liable for his or her own conduct and cannot disclaim responsibility because he or she did not personally take part in every act that went into making up the crime as a whole. *Bass v. State*, 2013 Ark. App. 55, at 2. A defendant is considered an accomplice if he or she takes some part in or performs some act involved in the commission of the crime; relevant factors in determining the connection of an accomplice to a crime are the presence of the accused in the proximity of a crime, the opportunity to commit the crime, and an association with a person involved in a manner suggestive of joint participation. *Id.*

In the instant case, the testimony presented at the hearing was substantial evidence to show that while K.B. was forcibly restraining the victim, C.J.M. digitally raped her. The victim's own testimony, if believed by the trier of fact, in this case the circuit court, was sufficient to establish K.B.'s guilt. Any inconsistencies in the victim's account of what happened were for the circuit court to resolve. *See, e.g.*, *Lowe v. State*, 2016 Ark. App. 389, at 6, 500 S.W.3d 176, 180. We hold there is no basis for reversal on this argument. This court will not second-guess the fact-finder's credibility determinations. *Brown v. State*, 2009

Ark. App. 873. We will disregard testimony that the fact-finder has found to be credible only if it is so inherently improbable, physically impossible, or so clearly unbelievable that reasonable minds could not differ about it. *Conte v. State*, 2015 Ark. 220, 463 S.W.3d 686. Such is not the case here.

K.B.'s second point is that the circuit court abused its discretion in denying his motion for a new trial based on the allegation that the State destroyed certain text messages contained in the victim's cell phone that had voluntarily been turned over to the police and suppressed a report that had been generated following a forensic-rape examination of the victim. The decision to grant or deny a motion for new trial lies within the sound discretion of the circuit court, whose action will be reversed only upon a clear showing of abuse of that discretion or manifest prejudice to the defendant. *Wright v. State*, 2012 Ark. App. 389, at 5. The burden is on the appellant to establish that a violation of pretrial discovery was sufficient to undermine confidence in the outcome of the trial. *Id*. at 5–6. Absent a showing of prejudice by the violation, this court will not reverse. *Id*. at 6.

K.B. claims that the State destroyed evidence from the victim's cell phone. C.J.M. makes the same argument, and as explained in that case, the circuit court offered a continuance to obtain the missing text messages directly from the cell-phone provider, but defense counsel chose not to seek that relief. That remedy, however, could have settled the question whether deleted or undeleted cell-phone text messages were, in fact, exculpatory. Characterizing the evidence as exculpatory does not make it so. It was appellant's burden to demonstrate prejudicial error, not merely to allege it. *Vilayvanh v. State*, 2012 Ark. App. 561, at 5 (citing *Snell v. State*, 290 Ark. 503, 721 S.W.2d 628 (1986)).

K.B. also maintains that the circuit court should have granted his motion for a new trial because the State failed to serve both of his defense attorneys with copies of the rape-examination report that was prepared in connection with the case. However, this argument is meritless. Following the denial of K.B.'s motion to dismiss, his trial counsel, who notably is also his appellate counsel, put on his case-in-chief. Among the witnesses who were called was Marci Hermann, the sexual-assault nurse examiner employed by the Cooper-Anthony Child Advocacy Center, who conducted a forensic-rape exam on the victim on February 26, 2016. Defense counsel examined Hermann regarding the findings contained in her report, which reflected that she had not found any physical trauma in connection with the alleged assault. Defense counsel moved to admit her rape report into evidence, and it was admitted without objection by the State. The forensic-exam report was admitted as "Defendant's Exhibit 2" and is contained in the record, under seal.

The forensic examiner was vigorously questioned by K.B.'s counsel regarding her report, which indicated there was no physical trauma. Both sides had a logical explanation for the examiner's conclusions and argued them before the circuit court. The fact that a rape exam was performed was also discussed in conjunction with the other tests that were conducted by the Arkansas State Crime Lab and in the forensic interview of the victim.

As such, K.B. has failed to demonstrate error or show the required prejudice. K.B. has not shown that he was so prejudiced that there was a reasonable probability that the outcome of the trial would have been different. We will not reverse absent a showing of prejudice. *Wright*, *supra*.

K.B.'s third point is that the circuit court erred in denying the suppression of

spontaneous statements he made during his arrest. This court conducts a de novo review based on the totality of the circumstances, reviewing findings of historical facts for clear error and determining whether those facts give rise to reasonable suspicion or probable cause, giving due weight to inferences drawn by the trial court. *K.L. v. State*, 2010 Ark. App. 644, at 5, 378 S.W.3d 222, 225 (citing *Davis v. State*, 351 Ark. 406, 94 S.W.3d 892 (2003)).

K.B. bases his suppression theory on a provision of the Arkansas Juvenile Code, which provides what our supreme court has described as "the right against self-incrimination for statements made to an intake officer or probation officer during the intake process." *Munhall v. State*, 337 Ark. 41, 44–45, 986 S.W.2d 863, 864–65 (1999) (citing Ark. Code Ann. § 9-27-321 (Repl. 1998)). In his brief, K.B. argues that he made the statement to "an intake officer." However, it was Detective May, the arresting officer, who testified at trial, and he made no mention of intake. A second Hot Springs police officer, who was not an intake or probation officer, but rather a sergeant, testified at the hearing that he was also present when K.B. made the statement to the effect of, "How can it be rape if our penises weren't out?"

In discussing the application of this statutory requirement, our supreme court said the following with regard to law-enforcement contact with a juvenile:

> Appellant's first argument under this assignment of error is that the trial court violated Ark. Code Ann. § 9-27-321 (Repl. 1991), which provides that a statement made by the juvenile to the intake officer shall not be admissible in evidence against the juvenile. There simply was no statement to an intake officer that was admitted into evidence. An incriminating statement made to the trooper was admitted into evidence, but that is not prohibited by the cited statute.

*Manatt v. State*, 311 Ark. 17, 24, 842 S.W.2d 845, 849 (1992).

Moreover, the incriminating statement in *Manatt* was made in response to a question. Here, no question was asked. K.B. made the statement of his own volition. K.B. has failed to prove that the circuit court's decision was clearly erroneous or that he was prejudiced.

K.B.'s final point claims that a new trial should be granted on the basis of newly discovered evidence that was unavailable because of the imposed gag order. K.B. maintains that he was unable to properly "investigate" the allegations raised by the prosecution in this case as a result of the circuit court's order regarding publicity.

In *Misskelley v. State*, 323 Ark. 449, 915 S.W.2d 702 (1996), our supreme court stated that newly discovered evidence is the least favored ground for a new-trial motion. We will reverse only if the lower court abused its discretion in denying the motion for a new trial. *Id.* To prevail on a motion for a new trial based on newly discovered evidence, the movant must show that the new evidence would have impacted the outcome of his or her case and that he or she used due diligence in trying to discover the evidence. *Wilcox v. State*, 342 Ark. 388, 394, 39 S.W.3d 434, 438 (2000). Here, the circuit court's order was entered to protect the rights of the defendants with regard to pretrial publicity. Specifically, the order did not include "any request for assistance in obtaining evidence[.]" On the record before us, there is no proof to show that K.B. used due diligence in trying to discover any new evidence.

K.B. also maintains that the new evidence would show that the victim perjured herself on the stand by saying that she had never made any prior claims of sexual assault. But our appellate courts have long held that newly discovered evidence that relates only to the

impeachment of a witness does not afford grounds for a new trial. *See Hayes v. State*, 169 Ark. 883, 886, 277 S.W. 36, 37 (1925); *Whittaker v. State*, 173 Ark. 1172, 1176, 294 S.W. 397, 399 (1927) ("It is the general rule of practice in this court not to reverse the ruling of the trial court in refusing a new trial on the ground of newly discovered evidence where such evidence tends merely to impeach the credibility of witnesses."); *Taylor v. State*, 299 Ark. 123, 126, 771 S.W.2d 742, 744 (1989) ("Evidence which only attacks the credibility of other testimony is not grounds for a new trial. *Williams v. State*, 289 Ark. 69, 709 S.W.2d 80 (1986); *Orsini v. State*, 281 Ark. 348, 665 S.W.2d 245, *cert. denied*, 469 U.S. 847, (1984).").

Because K.B. has not shown due diligence and argues that the new evidence would be used to impeach the victim's testimony, we hold that the circuit court did not abuse its discretion in denying the motion for a new trial. Accordingly, we affirm.

Affirmed.

VAUGHT and HIXSON, JJ., agree.

*John W. Walker, P.A.*, by: *Lawrence Anthony Walker* and *Amelia Theresa LaFont*, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *Kent G. Holt*, Ass't Att'y Gen., for appellee.