Cite as 2019 Ark. App. 583

# ARKANSAS COURT OF APPEALS

DIVISION I
**No.** CR-19-432

| | |
|---|---|
| DREVION MARBLEY<br><br>V.<br><br>STATE OF ARKANSAS | **Opinion Delivered:** December 11, 2019 |
| **APPELLANT** | APPEAL FROM THE PULASKI COUNTY CIRCUIT COURT, FIFTH DIVISION<br>[NO. 60CR-18-2449] |
| **APPELLEE** | HONORABLE WENDELL GRIFFEN, JUDGE |
| | AFFIRMED |

## RAYMOND R. ABRAMSON, Judge

Drevion Marbley appeals the order of the Pulaski County Circuit Court finding him guilty of robbery, battery, theft of property, and a firearms enhancement. On appeal, Marbley argues that there was insufficient evidence to support the jury's verdict and that the circuit court abused its discretion in denying his motions for mistrial. We affirm.

On April 23, 2018, Tre James locked himself out of his truck at the Valero gas station at Rodney Parham Road and 12th Street in Little Rock. While James was waiting for a locksmith from Conway to assist, Marbley arrived at the gas station. James approached Marbley to ask if he could help him get into his locked truck. James informed Marbley that he had marijuana in his truck, and the two exchanged telephone numbers. After exchanging text messages on April 24, the men agreed to meet at the Big Red gas station on 12th Street

in Little Rock so that James could sell Marbley marijuana. James took his 9mm Ruger gun. The gun was loaded, tucked into the right side of the driver's seat, and visible to a passenger.

Marbley approached James's truck, and James told Marbley to get into the vehicle. While James was "getting everything together," he became distracted by a light coming from the left side of the truck. When he turned to look toward the light, he felt his gun being "pulled" from the seat beside him. James testified that he put his right arm around Marbley's neck. He testified that Marbley then opened the door and that Marbley's momentum pulled him from the truck. James heard two gunshots and realized he had been shot in his elbow and abdomen. James testified that when he looked up, both Marbley and his gun were gone. As a result of the gunshot wounds, he had four surgeries and was in the hospital for eight days.

A witness, Eddie Lewis, testified that he was at the Big Red gas station on April 24, 2018, and that he heard "rustling" in a nearby truck. He testified that he saw a man jump out of the truck and saw another man fall to the ground yelling that he had been shot. Lewis testified that the man who ran away had a gun in his hand.

Marbley was charged by a felony information with aggravated robbery, first-degree battery, theft of property, and possession of firearms by certain persons as well as a firearms enhancement and as a habitual offender. From January 30 through February 1, 2019, a three-day jury trial was held. After presentation of the evidence, Marbley's directed-verdict motion was denied. The jury found Marbley guilty of robbery, battery, theft of property, and the firearms enhancement. The jury specifically found that Marbley had used a firearm as a means of committing the battery and that the theft of property did not involve a threat

of serious physical injury to any person. After the verdict, Marbley moved to have the robbery count dismissed. The circuit court denied his motion.

Marbley and the State agreed on a sentence, and Marbley was sentenced as a habitual offender to concurrent thirty-year sentences on the robbery and battery convictions followed by a consecutive sentence of five years on the firearm-enhancement conviction. Because the theft-of-property conviction is a misdemeanor, Marbley received a concurrent sentence of one year.

On appeal, Marbley argues that the circuit court abused its discretion when it denied his motions for mistrial based on improper Rule 404(b) testimony and improper arguments by the State. Additionally, Marbley asserts that the evidence was insufficient to convict him. Because the circuit court did not abuse its discretion when it denied the mistrial motions, and because the evidence was sufficient to convict Marbley, we affirm his convictions and sentences.

Although it is his second appellate argument, we first address Marbley's sufficiency arguments because of double-jeopardy concerns. *See Wingfield v. State*, 2019 Ark. App. 111, 572 S.W.3d 434. Marbley contends that the circuit court committed reversible error when it denied his motion for directed verdict since there was not sufficient evidence to sustain his convictions. We disagree.

A motion for directed verdict at a jury trial is considered a challenge to the sufficiency of the evidence. *Cora v. State*, 2009 Ark. App. 431, at 3, 319 S.W.3d 281, 283. We will affirm a circuit court's denial of the motion if there is substantial evidence, either direct or circumstantial, to support the verdict. *Id*. Substantial evidence is defined as evidence forceful

3

enough to compel a conclusion one way or the other beyond suspicion and conjecture. *Id.* When a defendant challenges the sufficiency of the evidence to convict him, the evidence is viewed in the light most favorable to the State, and only the evidence supporting the verdict will be considered. *Gamble v. State*, 351 Ark. 541, 545–46, 95 S.W.3d 755, 758 (2003). Finally, in considering the evidence, this court does not assess credibility because that is a question for the finder of fact. *Woods v. State*, 363 Ark. 272, 275, 213 S.W.3d 627, 630 (2005).

Marbley asserts that James was unbelievable as a witness because he neglected to tell the State before the trial about the marijuana sale, he neglected to tell the police that he had Marbley's phone number, and he did not tell the doctors who were treating him about his marijuana use. However, James's credibility was a fact question for the jury. *Woods*, 363 Ark. at 275, 213 S.W.3d at 630. We will not reweigh credibility evidence and determinations on appeal.

Marbley also argues that the testimony of James and Lewis was inconsistent on when the shooting occurred. James testified that he heard the gunshots as he was being pulled out of the truck whereas Lewis testified that he heard gunshots before the truck door opened. Marbley asserts that this renders the evidence of robbery insufficient because it shows that there was a struggle over the gun instead of an attempt to rob James. It is the trier of fact, however, who resolves questions of conflicting testimony and inconsistent evidence. *Martinez v. State*, 2018 Ark. App. 187, at 3, 545 S.W.3d 264, 265. The jury reasonably determined that the struggle was in furtherance of a robbery, further evidenced by the fact

4

that Marbley kept the gun until he was later apprehended. As a result, substantial evidence exists to support Marbley's convictions, and we affirm the circuit court on this point.

Marbley's final sufficiency argument is also without merit. He argues that there was an inconsistency in the jury's verdict, which is proof that substantial evidence did not exist to support the convictions. Marbley specifically points out that the State originally charged him with theft of property by force, and that the jury found that he had committed robbery and misdemeanor theft of property. The jury found that the theft conviction did not involve a threat of serious physical injury to any person. Marbley asserts that he could not commit a robbery and theft of property when no force was used and that he should be given a new trial. We disagree.

The jury was instructed on the robbery that "the State must prove beyond a reasonable doubt that with the purpose of committing a theft or resisting apprehension immediately thereafter Drevion Deshawn Marbley employed or threatened to immediately employ physical force upon another." Physical force was defined as "bodily impact, restraint or confinement." With regard to theft of property, the jury found that Marbley had not obtained James's gun "by threat of serious physical injury to any person." When the circuit court denied Marbley's postverdict motion to set aside the robbery conviction, it recognized that the "threat of serious physical injury" and the "bodily impact, restraint or confinement" required for physical force under the robbery instruction were not the same. The jury could have reasonably found Marbley guilty of robbery and theft that did not involve the threat of serious physical injury.

Turning our attention to the mistrial motions, it is well settled that a mistrial is a

5

drastic remedy that only should be used when there has been an error so prejudicial that justice cannot be served by continuing the trial or when the fundamental fairness of the trial itself has been manifestly affected. *Barr v. State*, 336 Ark. 220, 984 S.W.2d 792 (1999). The circuit court is in the best position to decide the issue of prejudice because of its first-hand observation. *Id.* The circuit court has wide discretion in granting or denying a motion for a mistrial, and absent an abuse of that discretion, the circuit court's decision to deny a motion for a mistrial will not be disturbed. *Id.* Lastly, an admonition has been held sufficient to cure improper statements made during a witness's testimony. *Smith v. State*, 351 Ark. 468, 95 S.W.3d 801 (2003).

Marbley first contends that the circuit court abused its discretion when it denied his motion for a mistrial on the basis of improper Arkansas Rule of Evidence 404(b) testimony. At an omnibus hearing prior to trial, the State agreed to provide Marbley with the names of any Rule 404(b) witnesses it intended to call at trial. The State did not indicate that any Rule 404(b) evidence would be offered.

At trial, in answer to a question by the State on how the police had developed Marbley as a suspect, Detective Richard Hilgeman responded that "on May 10, officers made contact with Mr. Marbley in a vehicle. Search incident to arrest revealed he showed to have warrants and was placed in custody." Marbley objected, contending that Detective Hilgeman's answer was improper Rule 404(b) evidence, and moved for a mistrial. The court denied the motion for mistrial, gave a proper admonition, and told the jury to disregard the statement of the witness and the question posed before the statement was made.

Our supreme court has long held that remarks that amount to inadvertent references to previous illegal conduct may be cured by an admonition from the circuit court ordering the jury to disregard the statement. *Mitchael v. State*, 309 Ark. 151, 828 S.W.2d 351 (1992). Here, the circuit court admonished the jury and told it to disregard the last statement of the witness and the question asked before it.

In *Green v. State*, 2013 Ark. 497, at 27–28, 430 S.W.3d 729, 747–48, the Arkansas Supreme Court recounted the law on mistrials:

"We have said in a myriad of cases that mistrial is a drastic remedy and rests with the discretion of the trial judge. It should be granted only when the prejudice is so manifest that the trial cannot in justice continue." *Novak v. State*, 287 Ark. 271, 277, 698 S.W.2d 499, 503 (citing *McFarland v. State*, 284 Ark. 533, 684 S.W.2d 233 (1985)); *see also Sanders v. State*, 277 Ark. 159, 639 S.W.2d 733 (1982) (affirming the trial court's denial of a mistrial motion in a rape trial where one police officer mentioned seeing what he believed to be controlled substances in the defendant[']s bedroom and another officer said he remained in the house "collecting evidence on the other charge"); *Hill v. State*, 275 Ark. 71, 85, 628 S.W.2d 284, 291 (1982) (we affirmed a psychiatrist for the prosecution, testifying on the defendant's sanity, when asked what he relied on for his opinion, mentioned certain test results and added, "I also had access to his prison records."); *Hogan v. State*, 281 Ark. 250, 663 S.W.2d 726 (1984) (upholding the trial court's refusal to order a mistrial where a police officer, asked by the prosecutor if these fingerprints were the first taken of the defendant, answered, "No, sir, that's all I took. We do have a prior arrest record on him, which we do have a fingerprint on."); *see Mitchael v. State*, 309 Ark. 151, 155, 828 S.W.2d 351, 354 (1992) (denying mistrial after statement regarding previous arrest warrant for rape because the jury probably believed the warrant had been issued on the current rape charge).

Having considered the record before us and our standard of review, we cannot say that Detective Hilgeman's testimony rises to the level of requiring a mistrial. Here, the prosecutor's question was about how Marbley was apprehended and did not elicit a response about what happened after Marbley's arrest. Also, the court was careful not to repeat Detective Hilgeman's statement in case the jurors did not hear it the first time. And

7

ultimately, the circuit court is in a better position to determine the effect of the remarks on the jury. Here, the court concluded that the evidence was not so prejudicial as to be beyond a curative instruction. We cannot say that the circuit court abused its discretion in denying Marbley's motion for a mistrial. A curative instruction is an acknowledged means of curing error. *Sullinger v. State*, 310 Ark. 690, 840 S.W.2d 797 (1992). Defense counsel received part of the relief he requested. *King v. State*, 312 Ark. 89, 95, 847 S.W.2d 37, 40–41 (1993). We do not find error, and we affirm the circuit court's decision on this point.

Marbley next asserts that during closing arguments, the State improperly shifted the burden of proof on justification and improperly denigrated Marbley's right to a defense by stating that his defense lawyer had used "theatrics" during trial. Marbley argues that in both instances, a mistrial should have been granted.

We first address Marbley's assertion that the State improperly shifted the burden of proof on justification. The jury in Marbley's case was instructed on deadly physical force as a defense to the aggravated-robbery and battery charges:

> A person is not justified in using deadly physical force if he knows that the use of deadly physical force can be avoided with complete safety by retreating. Drevion Marbley in asserting this defense is required only to raise a reasonable doubt in your minds. Consequently, if you believe that this defense has been shown to exist or if the evidence leaves you with a reasonable doubt as to his guilt of aggravated robbery and the lesser-included offenses of robbery, then you must find him not guilty.

Thereafter, the State argued the following in closing:

> There was no justification in this case, okay? For justification, the defense is required. Evidence required. Evidence required. There is absolutely no evidence, first, that Drevion Marbley reasonably believed that Tre James was using or about to use deadly physical force. Tre didn't pull the gun on him. There is no testimony of that. There's no evidence of that.

8

Soon after, defense counsel objected and asked for a mistrial, arguing that the State had improperly shifted the burden of proof of justification to him. The circuit court disagreed and ruled that the State was arguing the instruction, "which does say that there is – if there is evidence that presents a reasonable doubt on that issue, then that is an obligation for them to consider that defense." The motion was denied.

The circuit court is given broad discretion to control counsel in closing arguments and is in a better position to determine the possibility of prejudice by observing the argument firsthand. *E.g.*, *Leaks v. State*, 339 Ark. 348, 5 S.W.3d 448 (1999). Absent a manifest abuse of discretion, this court will not reverse the action of the circuit court in matters pertaining to controlling, supervising, and determining the propriety of the arguments of counsel. *Id.* We cannot say that the circuit court abused its discretion when it refused to declare a mistrial on this point.

We turn next to Marbley's assertion that the circuit court allowed improper closing arguments by the State. Closing arguments must be confined to questions in issue, the evidence introduced during trial, and all reasonable inferences and deductions that can be drawn therefrom. *Rohrbach v. State*, 374 Ark. 271, 287 S.W.3d 590 (2008). "Although it is not good practice for counsel to inject their personal beliefs into the closing arguments, mere expressions of opinion by counsel in closing argument are not reversible error so long as they do not purposely arouse passion and prejudice." *Jefferson v. State*, 372 Ark. 307, 321–22, 276 S.W.3d 214, 225 (2008) (quoting *Neff v. State*, 287 Ark. 88, 94, 696 S.W.2d 736, 740 (1985)). We have stated many times that the circuit court is given broad discretion to control counsel in closing arguments, and we do not interfere with that discretion absent a

manifest abuse of discretion. *Rohrbach, supra*; *Leaks, supra*; *Noel v. State*, 331 Ark. 79, 960 S.W.2d 439 (1998).

Here, the State stated the following during closing argument: "His purpose was to commit that theft. He wanted that gun. This is a violent crime. This is a dangerous crime. The theatrics that Mr. Proctor is putting on." The State's comments here do not seem to be calculated or made with the purpose of arousing any passion or prejudice of the jury. We hold that the circuit court did not abuse its discretion in denying Marbley's objection and motion for mistrial.

We hold that the circuit court did not abuse its discretion when it denied the mistrial motions and that the evidence was sufficient to convict Marbley of robbery, battery, theft of property, and the firearms enhancement. We affirm Marbley's convictions.

Affirmed.

SWITZER and WHITEAKER, JJ., agree.

*Willard Proctor, Jr., P.A.*, by: *Willard Proctor, Jr.* and *Dominique King*, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *Pamela Rumpz*, Senior Ass't Att'y Gen., for appellee.